## GREEN & *ux. versus* CITY OF PORTLAND.

The licensing of an individual to occupy a part of a public street exclusively for his own benefit, by erecting and using a railroad for the transportation of rocks and gravel, is not among the powers granted to the city council of Portland by the ninth section of its charter, or by any other statute.

No action lies against the city for a person suffering special damage in his comfort or business by means of a railroad, so licensed, although the party licensed may have given bond to indemnify the city against liabilities for such damages.

CASE for special damage sustained by the plaintiffs in their business and comfort by means of a railroad upon a public street.

Myers & Co. had obtained from the city council a license to construct and exclusively occupy the railroad, for the purpose of transporting rocks and gravel, for their own benefit, and they gave to the city a bond to indemnify them against

all liabilities for damage, which might be sustained  by others, through the erection and use of the railroad.

If the defendants would be  liable to  the  plaintiff for  such special damage, *the action is to stand for trial;* otherwise the plaintiffs are to become nonsuit.

*O'Donnell,* for the plaintiffs.

The R. S. c. 164, § 1, provides, that " obstructing or in-cumbering, by fences, buildings or *otherwise,* the public high-ways, private ways or streets, &c., shall be deemed *nuisances,* with certain exceptions."

The *exceptions* relate to " the right of erecting mills and mill-dams, and of flowing lands."

An action of the case lies for injury to " the *comfort,* the *property* or the *enjoyment of an estate*," whether the nuisance be public  or  private, if it be  an injury to " *particular indi-viduals only.*"  R.  S.  164, § 8.

The city charter, 1833, § 9, gives to the council no au-thority to license obstructions in any portion of a street, ex-cept by the depositing of " materials for making or repairing any street, sidewalk, crosswalk, bridge, water-course or drain ; or for erecting, repairing or finishing any building or fences." But it was a purpose wholly different from these, for which the license was given to Myers & Co.

Courts may  order  such nuisance abated, after judgment upon *indictment* or *action* against *any person.*  R. S. chap. 164, sect. 9.

The word " *person*" includes corporations.  R. S. chap. 1, rule 13.

One suffering special damage may have his action upon the case.  *Stetson* v. *Faxon,* 19 Pick. 147, and  authorities there cited.

The above case varies from this, in the fact, that the city of Boston indemnified Faxon, and in the case at bar, Myers & Co. indemnified the city.  5 Denio, 216 ; 10 Pick. 388.

A municipal corporation is equally liable with an individual, having *licensed* the obstruction.  *Thayer* v. *City of Boston,* 19 Pick. 511 ; *Baker* v. *same,* 12 Pick. 184.

In the case at bar the city authorities expressly authorized the erection of the railway through a public street for *private purposes,* unauthorized by any public necessity, and thus exceeded their corporate powers.

*Codman,* for the defendants.

SHEPLEY, C. J. — The railway alleged to be a nuisance was not built for the accommodation of the public, but for the use of the persons, who built and occupied it exclusively for their own private. benefit. No question is therefore presented, whether a railway for the accommodation of the public travel and business, built by the consent of a town or city upon part of a highway or street can be regarded as a nuisance.

Admitting the railway described in the declaration to be a public nuisance, and that the plaintiffs have suffered special damage by its erection and continuance, the question presented is, whether the city is responsible for the damages suffered.

An action of *tort* may be maintained against a corporation for an act done by its direction or procurement or sanctioned by it. *Thayer* v. *Boston,* 19 Pick. 511.

This railway was not built with the funds of the city, or by its order, or by its officers. The city has received no rent, income, or benefit from it. It has no other connexion with it, than to grant the owners of it a license to build and continue it on its streets. It might well take the bond of indemnity to protect it from damages, for which it would be liable by statute for direct injuries thereby occasioned to the persons or property of individuals. The fact, that the city took such a bond, does not increase its liability, or make it responsible to those, who may in some other manner have suffered damage from it. It does not even impliedly authorize them to do any damage to others.

The license amounts to no more, than an authority, so far as the city was concerned, to do the acts for their own benefit and upon their own responsibility, without being subject to interruption or complaint by the city. If one person license another to pass over his land without compensation, for his.

own convenience or benefit, he does not thereby constitute him his agent for that purpose. Nor would he thereby become liable to third persons for injuries suffered by them in consequence of the acts done under such license.

The city was not authorized by statute or by the ninth section of the act in addition to its charter, approved on February 9, 1833, to grant such a license. The power given by that section extends no further than to authorize persons or corporations to place in any street "any materials for making or repairing any street, sidewalk, crosswalk, bridge, water-course, or drain, or for erecting, repairing, or finishing, any building or fences."

If it had power to grant such a license, it must have derived it from its general powers to regulate its own corporate rights and interests. And those powers would not authorize it to make itself responsible for the acts of others, from which neither it, nor its citizens derived any benefit, and which were not done for the accommodation of the public travel and business.

Upon the case as presented, the city does not appear to be responsible for any damages, which the plaintiffs may have suffered. *Plaintiffs nonsuit.*