William L. Goggin et. al., Appellees, v. City of Chicago, Appellant.

Gen. No. 15,536.

1. EMINENT DOMAIN—*extent of municipal liability.* If an abutting property owner is injured by reason of changes made in a street by a railroad company under authority of the city, the city is liable.

2. EMINENT DOMAIN—*when assessment of damages will not be reversed.* If a judgment rendered in an action for injury to real property appears to do substantial justice and if it seems obvious that no decision more favorable would result from another trial, a reversal because of errors in procedure will not be awarded.

3. PLEADING—*what not variance.* Held, that there was no material variance between the allegations and the proof as to an ordinance authorizing track elevation.

4. EVIDENCE—*when testimony of expert on values properly not stricken.* Even though it appear from cross-examination that an expert on values has included in his estimates an improper element, it is proper not to strike out his entire testimony.

Action in case. Appeal from the Circuit Court of Cook county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 31, 1911.

EDWARD J. BRUNDAGE, ROBERT N. HOLT and FRANKLIN A. DENISON, for appellant.

CHARLES H. MITCHELL and WM. M. & WM. S. JOHNSTON, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court.
In 1898 the appellees were the owners of certain property fronting north on West Sixty-third street in the city of Chicago, and lying about 200 feet east of Wentworth avenue and west of the Chicago, Rock Island & Pacific Railway Company's tracks and near the tracks of the Pittsburgh, Fort Wayne & Chicago Railway Company and the Lake Shore & Michigan Southern Railway Company. During that year the tracks of these companies were elevated, under authority of and pursuant to an ordinance passed by the city requiring such elevation. The improvement required that Sixty-third street be depressed in front of appellees' property and property adjacent thereto, and this was done by the Pittsburgh, Fort Wayne & Chicago Railway Company during the said year 1898. Thereafter the appellees brought suit against the city, making the railway companies parties. Subsequently the railway companies were dismissed from the case and the suit prosecuted against the city alone. There was a verdict of $5,000 and judgment thereon.

We are asked to reverse the judgment on the grounds that the court erred in the admission and rejection of testimony; in giving certain instructions at the request of the appellees, and in refusing to give certain instructions as requested by the appellant; in overruling a motion for a new trial, and denying the motion of appellant in arrest of judgment. It is also insisted that the verdict of the jury is excessive and is not sustained by the evidence.

The first point made by the appellant in its brief is that a city is not liable in damage to an abutting property owner for changes which it "authorizes or permits" a railroad company to make in a street, in the absence of negligence, but the liability for all damages must fall upon the railroad company. The only Illinois case to which our attention has been

called in support of this contention is City of Olney v. Wharf, 115 Ill. 519. In that case the city granted to a railroad company the right and privilege of constructing and operating its railroad in a street, the fee of which was in the city, and the case has no bearing on the point before us. In the cases of City of Chicago v. Jackson, 196 Ill. 496, and City of Chicago v. Lonergan, 196 Ill. 518, the Supreme Court held that the city is liable if an abutting property owner is injured by the depressing of a street, made necessary by the elevation of railroad tracks, whether the work is done by the municipality itself or by the railroad company.

Claim is made by the appellant that the declaration is based upon an alleged ordinance authorizing sundry railroad companies to elevate their tracks, and that consequently there is a substantial variance between the proofs and the allegations in the declaration. The declaration is much more voluminous than it needed to have been. We think, however, that it contained at least all the averments necessary to comply with the rules laid down in the two cases heretofore referred to.

H. O. Wilson, one of the appellees, testified that the damages to the property were $15,000. In cross-examination he stated that he included in that amount loss of rents or half rents for a year and a half, aggregating $3,000. Later on he apparently became confused and stated that he included $1,-800 for loss of rent, in addition to the $3,000. Motion was made by the appellant to strike out all his testimony on the question of damages on the ground that he included in his estimate elements that should not have been considered. It will be noted in this connection that the court gave an instruction that the plaintiffs could not recover for loss of rents. However, depreciation in rental value is proper evidence as bearing upon the contention that there has been depreciation in the market value of the premises. Lewis v. Englewood El. R. R. Co., 223 Ill. 223. The cross-examination was proper as tending to weaken the effect of the witness' estimate of the damages given on direct examination, but the motion to strike from the record all of his testimony on this subject was

too broad. The amount of the verdict is such that it could easily be accounted for without including the improper elements of damage stated by this witness to have been included in his estimate. The same considerations apply, in a measure, to the testimony of other witnesses, which testimony appellant moved to strike from the record. We think the motion was properly overruled. Illinois Central R. R. Co. v. Trustees of School, 212 Ill. 406.

Complaint is also made of instructions other than the one referred to, given at the request of appellee, and of the refusal to give certain instructions asked by the city. The court gave eleven instructions at the instance of the appellant, and eight at the instance of the appellee, many of them being of considerable length. As a whole we think they correctly advised the jury of the law which should govern them in arriving at their verdict. We do not think the amount of the verdict against the weight of the evidence.

It has been held by our Supreme Court that if substantial justice seems to have been done in a case of this nature, and if it seems obvious that no decision more favorable to the appellant would result from another trial, the judgment should not be reversed because of errors, if any there are, in the procedure. City of Chicago v. Jackson, *supra*.

*Affirmed.*