(163 App. Div. 73)

### McMULLEN v. VILLAGE OF MARLBOROUGH.   (No. 186–3.)

(Supreme Court, Appellate Division, Third Department.   July 1, 1914.)

1. MUNICIPAL CORPORATIONS (§ 385*)—PUBLIC STREETS—CHANGE OF GRADE.

Under Village Law (Consol. Laws, c. 64) § 159, subd. 1, giving a right of damages for a change of grade in a street made by the village itself, no recovery can be had for the elevation of a street by the state as to connect it with a state highway, which was also raised, but recovery may be had under subdivision 2, giving an adjoining owner a remedy against the village for injury caused by a change of grade, regardless by whom made.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

2. MUNICIPAL CORPORATIONS (§ 402*)—STREETS—CHANGE OF GRADE—ACTION.

Where a petition by an adjoining landowner, injured by a change in the grade of a street, which was raised by the state to connect with an intersecting state highway, stated facts sufficient to authorize recovery under Village Law (Consol. Laws, c. 64) § 159, subd. 2, the owner should not be denied his remedy because he assumed his action was governed by subdivision 1, but, if the village is misled by the form of petition, it will be granted relief from the effects of its mistake.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

Appeal from Special Term, Ulster County.

Special proceeding by Moses McMullen against the Village of Marlborough, to recover for damage suffered by change of the grade of a street. From an order confirming the report of the referee and appointing commissioners to determine the damages, defendant appeals. Order affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Graham Witschief, of Newburgh, for appellant.
Arthur E. Rose, of Kingston, for respondent.

SMITH, P. J.   This is a special proceeding brought to charge defendant with the damage suffered by the plaintiff by reason of the change of grade of a street adjoining plaintiff's property. Main street in the defendant village was denominated by the Legislature as a state highway, and said highway was built by the state in such a way that the grade thereof was materially raised. Landing street intersects Main street, running beside plaintiff's premises, and in order to make proper connection the grade of Landing street was raised between two and three feet adjoining plaintiff's premises. This was done by the state, and the village had no voice whatever in the matter. After the state had left the work, the center of Landing street was about 16 feet in width, and the sides were somewhat precipitous, so that the village was compelled to broaden the top surface and to fill in the sides of the street, and in so doing built a retaining wall in the street adjoining plaintiff's property, and filled in between the retaining wall and the center of the highway. This impaired the entrance into and use of the plaintiff's property, and for the injuries to his property he now seeks redress from the village.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1, 2] The proceeding is nominally brought under subdivision 1 of section 159 of the Village Law. That subdivision gives a right of damages for a change of grade made by the village itself. The broadening of the highway made by the filling in of the sides to make safe the new grade established by the state did not constitute a change of grade, within the ordinary understanding of that term, or within any reasonable interpretation thereof. Whitmore v. Village of Tarrytown, 137 N. Y. 416, 33 N. E. 489. It was only an incident to the change of grade by the state. The proceeding, therefore, cannot be maintained under subdivision 1 of this section. Under subdivision 2 of the section, however, an adjoining owner is given a remedy against the village for an injury caused by a change of grade not made by the village itself. Subdivision 2 was taken from chapter 113 of the Laws of 1883, as amended by chapter 281 of the Laws of 1884. These statutes were considered in Matter of Torge v. Village of Salamanca, 176 N. Y. 324, 68 N. E. 626. While the petition purports to be brought under subdivision 1 of section 159, facts are alleged sufficient to authorize a recovery under subdivision 2 of that section, and no reason is apparent why the plaintiff should be denied his remedy because he has mistaken the subdivision of the statute under which his right to redress may exist. If the defendant has been misled by the form of petition, upon showing such facts the court will give adequate relief. Without proof of such facts, however, this court should give such relief to the plaintiff as the facts of the case will warrant, and irrespective of the technical form of the application. The order should therefore be affirmed, with costs.

Order unanimously affirmed, with costs. All concur; LYON, J., in result.