EVA C. TURNER, Complainant, *vs.* CITY OF PORTLAND.

Cumberland.    Opinion March 7, 1916.

*Assessment of Damages.        Construction of Chapter 130, Public*
*Laws, 1913.                        Ways.*

In a complaint brought under R. S. chapter 23, section 68, to recover damages for a change of grade made in Washington avenue, Portland, in the summer of 1914, it is held:

1. That the change of grade was made in pursuance of an order duly passed by the City Council and duly approved by the Mayor on May 4, 1914, in accordance with the report of the City Commissioner of Public Works filed April 23, 1914.

2. That the work was done between July 18 and December 1, 1914, under a contract entered into between the city and the Hassam Paving Company, dated June 11, 1914.

3. That this statutory liability on the part of the city was not affected by the fact that on February 5, 1914, the State Highway Commission under sec. 8 of chap. 130 of the Public Laws of 1913, designated Washington avenue as a State highway, nor by the fact that the State made a contract with the City under date of July 2, 1914. That contract did not affect the prior contract between the city and the Hassam Company nor did it change the relations between the city and the complainant.

4. That under section 14 of the Act of 1913, the state through its Highway Commission has power to change the grade of any street and on proper proceedings damages may be assessed therefor; but this power was not exercised here. The city's liability remained unchanged.

Complaint brought under Revised Statutes, chapter 23, section 68, to recover damages for changing of grade of a certain street or highway opposite plaintiff's property. The changing of grade was done by a contractor acting by and under the authority of the proper officials of the city of Portland. The plaintiff claimed damage on account of said changing of grade. Liability was denied on the part of the city of Portland, because it claimed the changing of grade was done under and by virtue of chapter 130, section 14, of Public Laws of 1913, relating to State Highway Commission. The plaintiff entered an appeal to the Supreme Judicial Court, at

which term referees were appointed and damages were awarded the plaintiff in the sum of eight hundred dollars. Case was reported to the Law Court on agreed statement and stipulations of the parties, together with the report of referees on damages, the Law Court to dispose of the case in accordance with the stipulations of the parties. Judgment for complainant for eight hundred dollars.

Case stated in opinion.

*Scott Wilson, and E. L. Bodge,* for complainant.

*James A. Connellan,* for respondent.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ.

CORNISH, J. This is a complaint brought under R. S., ch. 23, sec. 68, in which the complainant, as an abutting owner, seeks to recover damages for a change in grade made in Washington avenue, Portland, in the summer of 1914. The question of the amount of damages sustained has already been fixed by referees at $800, their report being filed on November 24, 1915. The question of liability on the part of the defendant has been reserved for this court under an agreed statement of facts.

It appears that on May 4, 1914, the City Council of Portland passed an order, which was duly approved by the mayor, establishing the grade of a portion of Washington avenue in accordance with the report of the city commissioner of public works filed April 23, 1914. The complainant's premises abutted the portion so changed.

On June 11, 1914, the city, through its commissioner of public works duly authorized, entered into a contract with the Hassam Paving Company for the reconstruction and resurfacing of Washington avenue which contract required the lowering of the street in front of the complainant's premises to the grade established by the order of May 4, 1914. Work began under this contract on July 18, and was completed on December 1, 1914. These facts taken by themselves, give the complainant an undoubted claim for damages under R. S., ch. 23, sec. 68. What has occurred to deprive her of this statutory right? How has that right been extinguished?

The defendant's contention is that in consequence of the designation of Washington avenue as a State road and subsequently by certain acts on the part of the State Highway Commission, the city has been relieved of the liability otherwise resting upon it. This position we think is untenable.

In the first place it appears that as far back as June 20, 1908, upon the petition of the municipal officers, Washington avenue was designated as a State road under the provisions of chapter 112 of the Public Laws of 1907. No work upon this avenue followed that designation, however, and had such work been done, section 11 expressly provided that all damages for change of grade should be assessed by the municipal officers and paid according to the provisions of statute. Therefore this designation of 1908 is of no legal significance here.

In the second place it is agreed that on February 5, 1914, the State Highway Commission, under section 8 of chapter 130 of the Public Laws of 1913, designated Washington avenue as a State aid highway, but that no work of reconstructing or improving the street was done by the State under section 11 of that Act prior to July 18, 1914. The contract between the city and the commission was executed on July 2, 1914, about three weeks after the contract between the city and Hassam Company had been made, the reason for the city entering into the Hassam contract in advance being the assurance from the engineer that the State contract with the city had been practically determined upon and would be entered into as soon as possible, and it was necessary to close the contract with the Hassam Company on June 11, as the officer of the Hassam Company having power to execute the contract was about to leave the city for a considerable length of time.

We do not, however, see that these facts deprive the complainant of her rights under the statute. The change of grade was made by the city on May 4, the contract was made by the city on June 11, and the work was done by the city through its contractor under that contract. No other contract was made with the Hassam Company. True, the State made a contract with the city under date of July 2, but that did not affect the prior contract between the city and the Hassam Company, nor did it change the relations between the complainant and the city. The only change of grade has been made

by the city, and therefore the city is liable for the damages arising therefrom. Section 14 of the Act of 1913 provides that the State through its Highway Commission has power to alter, widen or change the grade of any street whenever in its judgment public exigency may require, after due notice and hearing, and if done may assess damages therefor; but this power was not exercised. No step was taken in that direction. The agreed statement says: "that the State of Maine through its State Highway Commission, acting under section 14 of chapter 130 of the Public Laws of 1913, has made no change in the grade of said Washington avenue in front of the complainant's said premises as it existed on May 4, 1914." In short, the State adopted and perhaps paid for the work performed by the contractor of the city, but it did not take the necessary steps to render itself liable therefor under section 14 of chapter 130 of Public Laws of 1913, nor did it thereby relieve the city of its existing liability under section 68 of chapter 23.

*Judgment for complainant for $800.*