WILLIAM L. WEST and Others v. VILLAGE OF WHITE BEAR and Others.[1]

February 26, 1909.

Nos. 16,009—(154).

**Injunction—Cutting Trees on Platted Street.**

Respondents were the owners of certain lots in the village of White Bear, which, according to the plat, abutted on Lake avenue, which had never been improved or opened as a public street. Across the front of respondents' lots, and overlapping Lake avenue to some extent, ran a road about twenty two feet wide, which had become a public highway by user. Acting upon the belief that they possessed authority to widen the road to a distance of two rods on either side of the center line thereof, the village officers proceeded to cut down the trees standing between the easterly line of the traveled road and the center of Lake avenue as platted. *Held,* the trial court was justified in finding that the destruction of the trees was not warranted, for the reason that the widen-

[1] Reported in 119 N. W. 1064.

ing of the road at that point would meet no useful purpose, inasmuch as no authority existed for making the improvement continuous along the line of the road.

Action in the district court for Ramsey county by five owners of real property in White Bear Village to enjoin defendants, members of the Village Council of White Bear, from cutting, destroying, removing or in any manner interfering with certain oak trees upon plaintiffs' land. The allegations of the answer were substantially the same as in the case of Gilbert v. Village of White Bear, infra, page 239. The case was tried before Hallam, J., who ordered that defendants be enjoined from cutting, destroying, removing or in any manner injuring or interfering with the trees upon plaintiffs' lots or upon Lake avenue; but that defendants be not enjoined or prohibited from hereafter widening and improving the roadway upon the platted portion of Lake avenue in front of any of the lots so as to conform the same to the width of the roadway as it shall from time to time be continuously improved either to the north or south of those lots. From an order refusing defendants' motion to amend the findings of fact and denying defendants' motion for a new trial, they appealed. Affirmed.

*C. D. & R. D. O'Brien*, for appellants.

*Harris Richardson* and *Harold C. Kerr*, for respondents.

LEWIS, J.

This action was commenced by five property owners, whose premises abutted on Lake avenue in the village of White Bear, to restrain the village authorities from cutting certain trees upon their premises. In so far as respondents West and Mabon are concerned, the case is controlled by the decision in Gilbert v. Village of White Bear, infra, page 239, 119 N. W. 1063. The other respondents, however, occupy a slightly different position. In front of their premises some of the trees sought to be removed by the village authorities are located within the limits of Lake avenue.

The trial court ordered judgment restraining the authorities from removing these trees upon the theory that, although they were within the limits of the platted highway, it was not the purpose to improve Lake avenue as a whole, but it was the intention to widen the old traveled road; that, not having taken the proper steps to widen that road

by condemnation proceedings, and having no authority so to do at any other point than in front of these respondents' premises, where it intersected or overlapped Lake avenue to some extent, it would answer no useful purpose, and would result in unnecessary injury to remove the trees at that point.

From a reading of the record it is apparent that the authorities were acting under a belief that they had authority to widen the traveled road to the full extent of four rods along the entire distance; and, it having been shown before the trial court that the plan could not be pursued for want of authority, there would be no object in cutting out that part of Lake avenue in front of respondents' premises. The conclusion of the trial court was correct. It does not follow that, merely because the trees are within the limits of Lake avenue as platted, the authorities have a right to remove them. The rule is elementary that an abutting landowner owns to the middle of the platted street, and that the soil and its appurtenances, within the limits of the street, belong to the owner in fee, subject only to the right of the public to use or remove the same for the purpose of improvement.

Affirmed.