# McEachin *v.* City of Tuscaloosa..

### *Damage for Removing Trees.*

(Decided Dec. 16, 1909.—51 South. 153.)

*Eminent Domain; Compensation; Removal of Shade Trees.*—Section 235, Constitution 1901, gives a right of action for resulting ·damages from the taking of property to public use in the construction or enlargement of works, highways or improvements made under power of eminent domain, to the owner of the property damaged, irrespective of whether the fee of the property is in the plaintiff or in the taker, and hence, if the removal of shade trees situated on the edge of the sidewalk affected the value or enjoyment of the abutting property, the owner of such property would have a right ·of action against the city for damages for the removal of the trees in the improvement of streets, though such person is not the owner of trees and his right of ingress or egress was not affected thereby.

(Dowell, C. J., and Sayre, J., dissents.)

APPEAL from Tuscaloosa Circuit Court.

Heard before Hon. THOMAS W. KNIGHT, Special ·Judge.

Action by Dora S. McEachin against the mayor and ·aldermen of the city of Tucaloosa for damages to abut-- ting property on account of the removal of shade trees from the edges of the sidewalk. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

HENRY FITTS, and TYSON, WILSON & MARTIN, for appellant.—An abutting owner is entitled to be paid for any injury to property taken under the power of eminent domain whether he owned the fee in the street or not.—Sec. 235, Const. 1901; *Enterprise L. Co. v. Porter & Newton,* 46 South. 773; *City Council v. Maddox,* 89 Ala. 181; *New Decatur v. Scharfenburg,* 41 South. 1025; 27 Ency. Law, 150; *Niehaus v. Cook,* 134 Ala. 54; *New Decatur v. Smith,* 46 South. 1028; 64 L. R. A.

[McEachin v. City of Tuscaloosa.]

956; 125 U. S. 161; 14 Am. St. Rep. 564; 42 Am. St. Rep. 149; 22 L. R. A. 627; *Huntsville v. Ewing,* 116 Ala. 576. The presumption is, nothing appearing to the contrary that the abutting owner owns the fee to the center of the street and is, therefore, the owner of the trees.—*Southern B. T. Co. v. Francis,* 109 Ala. 227; *Avondale v. McFarland,* 101 Ala. 381.

ORMOND SOMERVILLE, ROBSON BROWNE, and THOMAS B. WARD, for appellee.—The complaint should have alleged the lack of necessity for removing the trees.— *Huntsville v. Ewing,* 116 Ala. 576; *Mt. Carmel v. Shaw,* 46 Am. St. Rep. 311. If the fee simple title to the soil of the street is in the city then an abutting owner cannot own the trees growing thereon, nor can he maintain them except by and with the consent of the city which is revokable at any time. The right of removal is absolute and at the discretion of the city.—Authorities supra; *Winter v. Montgomery,* 83 Ala. 595; *Donahue v. Keystone Co.,* 181 N. Y. 313; 37 Am. St. Rep. 639; 106 Am. St. Rep. 243; Id. 549; 101 Am. St. Rep. 103; 46 Am. St. Rep. 578; 20 Am. St. Rep. 533. The following cases will be found to relate specially to the relative rights of the municipality and the abutting owner with respect to trees growing on the highway.—*Southern B. T. Co. v. Francis,* 109 Ala. 229; *Donahue v. Keystone Co., supra;* 29 Am. St. Rep. 898; 25 Am. Rep. 273; 46 Am. St. Rep. 411. As to a discussion of the relative rights of the public and of the abutting owners in the highways and its use, see *Hobbs v. Long D. T. & T. Co.,* 147 Ala. 393.

ANDERSON, J.—Section 235 of the Constitution of 1901 (section 7, art. 14, of the Constitution of 1875) provides that "municipal and other corporations and in-

[McEachin v. City of Tuscaloosa.]

dividuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured or destroyed by the construction or enlargement of its works, highways or improvements," etc. The language used is plain and unambiguous, and requires compensation to the owner, not only of the property taken or destroyed, but for the property injured, as the result of the construction or enlargement of the works, highways, or improvements. If injury is done to another's property by a corporation or individual invested with the privilege of the right of eminent domain, whether in acquiring the property for public use or in the enlargement or improvement of the property already acquired, the owner of the adjoining property is given a right of action, under our Constitution, notwithstanding he had no such right under the law as it existed previous to the Constitution of 1875. And it matters not whether the fee in the works or highway is in the offending municipality or the plaintiff. The plaintiff's right of action is not dependent on an ownership of the street, or of the earth removed or trees destroyed; but if her property was injured by the destruction of the trees, by the defendant, in and about the enlargement or improvement of the street, she is entitled to just compensation, under the very letter of the Constitution. Nor does it make any differense whether the improvements made by the city did or did not exceed the existing necessities.—*City of Montgomery v. Maddox,* 89 Ala. 181, 7 South. 433. It is true, in the *Townsend Case,* reported in 80 Ala. 489, 2 South. 155, 60 Am. Rep. 112, and in 84 Ala. 478, 4 South. 780, this clause of our Constitution received a more limited or restricted construction than is now given it; but said case was qualified by the *Maddox Case, supra,* which we think is in line with

the present holding. It is true that the *Maddox Case* was decided by an equally divided court; but the opinion of Justice Somerville, which was concurred in by Justice McClellan, was subsequently adopted and approved by this court in the case of *Avondale v. McFarland,* 101 Ala. 381, 13 South. 504, and the *Townsend Case* was overruled.

We would make no war upon the opinion of Justice Sayre, as concurred in by the Chief Justice, if section 235 of the Constitution did not exist, as it is a clear enunciation of the rule under the common law; but we do think it does not properly apply the terms of the present Constitution to the facts in the case at bar, and that the distinction attempted between excavating and removing dirt from a street in front of a lot and in cutting down and removing shade trees from the sidewalk is without a difference. This court has held that an abutting owner is entitled to any injury to the value of his property, caused by the lowering of the street or sidewalk, and not due solely to the destruction or impairment of his right of ingress and egress to and from his home; for as was said by Justice Somerville in the *Maddox Case, supra,* in discussing the influence of our Constitution: "If the contiguous proprietor of a house and lot is injured, in the sense of being damaged, by the grading of the street * * * and by reason of this improvement the pecuniary value of such property is diminished, the owner is entitled to be compensated for the damage he has sustained." If a house is denuded of the shade trees in front of same, and it is thereby made less comfortable, or its beauty is impaired, so as to affect its use and enjoyment, and thereby render it less valuable, we see no reason why the owner, would not be entitled to recover the damages sustained, whether his right of ingress and egress is affected or not. The

question is: Was the pecuniary value of the property injured, as a result of the action of the defendant in the improvement or enlargement of its street? If it was, the plaintiff has a cause of action, and the amount of her recovery would be the difference in the value of her property before and after the improvement or enlargement of the street.

Nor do I think the authorities relied upon in the minority opinion in conflict with the holding in this case. They are inapt, as they were decided either under the common law or in states with no constitutional provision like ours. Indeed, as was said in the *Maddox Case, supra*: "I do not discover precisely the same language in the Constitution of any other state, except those of Alabama and Pennsylvania." Therefore decisions on the subject in jurisdictions other than Alabama and Pennsylvania are of little value in dealing with the construction of this section of our own Constitution, and, while there may have been some wabbling by the courts of these two states on this important subject, the more recent decisions of each of said states favor a liberal construction of this clause in favor of the property owner. "It is generally conceded that provisions of this character are remedial in nature, giving damages where none before were allowed, and that therefore they should be liberally construed to effect their object."—*Maddox Case, supra*. Indeed, I think there is an expression on page 230 of 109 Ala., and page 1 of 19 South. (31 L. R. A. 193, 55 Am. St. Rep. 930), in the *Francis Case,* while not decisive of said case, that was intended as a warning signal against this court's falling into what I consider the error of the minority. The court there emphasized the fact that it did not mean to hold that a city would be absolved from liability for cutting trees. True, it was qualified by the rule as to necessity; but the writer evi-

dently overlooked the fact that this made no difference under the *Maddox Case*.

It is needless to discuss the assignments of error in detail, as it is sufficient to say that the trial court proceeded under a misconception of the plaintiff's constitutional rights, and the judgement is reversed and the cause is remanded, in order that the issue may be tried under the rule we have attempted to lay down in this opinion.

SIMPSON, DENSON, and McCLELLAN, JJ., concur.

SAYRE, J. (dissenting).—The damages laid in the complaint are for the depreciation caused in the value of plaintiff's property by deprivation of the shade and ornament of trees which had stood upon the margin of the sidewalk, and which were destroyed by order of the defendant municipal corporation. Apart from the damages alleged to have been caused by the removal of the trees, there is no complaint of any such damages as might have been caused by a change of grade. Non constat the result of the improvement, apart from its effect on the trees, was to leave unaffected the value and beauty of plaintiff's lot, or even increased its value and beauty. The naked question is whether the plaintiff is entitled to compensation for the loss of the shade and ornament of the trees. The trial court held that there could be no recovery.

The writer is of the opinion that there was no error in that holding; his notion being that the injury complained of was damnum absque injuria, for that trees left standing in a street after its acquirement for the public by condemnation or otherwise, or subsequently planted there, stand in the highway by the mere license of the municipality, such license being revocable at the will

of the licensor. When real property is dedicated or condemned to public use as a highway, the people become entitled to every foot of it from side to side. If trees are then standing within its limits, as timber, or material for timber, or wood, they remain the property of the adjacent owner, as do the growing crops, herbs, grass, and surplus soil. In order that the paramount public purpose may be perfectly subserved, every tree may be destroyed without injury to any property right of the abutting owner. If, with the consent or acquiescence of the public, trees are left standing, or the abutting owner plants trees in an established highway, he does so as a mere licensee, not thereby acquiring a new interest in the highway. The trees remain liable to removal whenever in the judgment of the people, expressed in lawful manner, their room is needed the better to adapt the highway to its public purposes. Such I believe to be the law of a case where the owner of the property attingent upon a street owns the ultimate fee to the center of the street. As was said in *Baker v. Town of Normal*, 81 Ill. 109: "The planting of a shade tree in the street by a citizen, by permission of the village or city authorities, is a gratuity to the public, and the citizen has no more right to control the shade tree so planted than he would have had it been planted by the city authorities. The ·control is in the public. The adjoining proprietor has a common interest with other citizens in the shade trees, and incidentally derives a special benefit from their existence, but no title or authority over them as against the public." More certainly such is the law where, as is alleged in plea 3 in the record, the municipality owns the· fee-simple title to the soil of the street.

Appellant relies upon the case of *City Council of Montgomery v. Maddox*, 89 Ala. 181, 7 South. 433, and

the cases which have followed it, for her right to compensation for the injury alleged. The city of Tuscaloosa was proceeding under authority of the act of March 5, 1907, which authorizes cities and towns to make improvements on sidewalks, etc.—Acts 1907, p. 295 et seq. In my opinion the constitutional provision appellant has in mind, and the adjudications to which she refers, have nothing to do with the case. So far as any injury flowing to the plaintiff from the destruction of the trees is concerned, it must be assigned not to the construction or enlargement of the city's works, highways, or improvements, but to the removal from the street of an obstruction which became unlawful from the moment the municipality determined that it should be removed, unless that determination was controlled by fraud or oppression. By this I mean to say that if the city had a right without liability to remove the trees as an obstruction to the street, and had also the right at another time to change the grade of the street without liability for that the change did not injuriously affect her property, the fact that the two were done at one and the same time ought not to impose liability upon the city.—*Winter v. City Council of Montgomery,* 83 Ala. 589, 3 South. 235.

My views are to be found in section 132a of Lewis on the Law of Eminent Domain, which, under the circumstances obtaining in respect to this cause, I cannot do better than to quote: "Where the public owns the fee of the street, the abutting owner has no proprietary right in the soil or minerals, or in the herbage or trees growing thereon. The public authorities, may, therefore, cut or remove the trees in their discretion, and the abutter has no remedy, though his property may be damaged thereby. But, when the abutter owns the fee of the street, he owns the trees thereon, subject to the

public easement." The rights of the public are thus stated in a Wisconsin case: "The right of the public to use the street for purposes of travel extends to the portions set apart or used as sidewalks, as well as to the way for carriages, wagons, etc., in short, to the entire width of the street upon which the land of the lot owner abuts. As against the lot owner, the city, as trustee of the public use, has an undoubted right, whenever its authorities see fit, to open and fit for use and travel the street over which the public easement extends to its entire width, and whether it will so open and improve it; or whether it should be so opened or improved, is a matter of discretion, to be detemined by the public authorities, as to whom the charge and control of the public interests in and over such easements is committed. With this discretion of the authorities courts cannot ordinarily interfere upon the complaint of a lot owner, so long as the easement continues to exist. * * * The public use is the dominant interest, and the public authorities are the exclusive judges when and to what extent the street shall be improved. Courts can interfere only in cases of fraud or oppression, constituting manifest abuse or discretion."—*Chase v. Oshkosh,* 81 Wis. 313, 51 N. W. 560, 15 L. R. A. 553, 29 Am. St. Rep. 898. Mr. Lewis adds: "Undoubtedly the proper public authorities may cause the removal of shade trees in a street where they constitute an obstruction to travel, or when necessary for the improvement of the street, without liability to the owner of the fee."—*Vanderhurst v. Tholcke,* 113 Cal. 147, 45 Pac. 266, 35 L. R. A. 267. In the case just cited it was held that a municipal corporation has power to cause the removal of shade trees which have been growing on the sidewalk of a public street, and its determination that such trees constitute an obstruction to the street, which may be removed as

a nuisance, is not open to review by the courts, where there is no clear abuse of discretion, nor is evidence admissible to show that the trees are not an obstuction.

I apprehend that a tree which stands in the way of an improvement necessary and proper to facilitate travel —e. g., a tree which stands in the way of paving—may with perfect propriety be said to stand in the way of travel itself. In *City of Atlanta v. Holliday,* 96 Ga. 546, 23 S. E. 509, it was said: "Where the fee in the street itself is vested in the city authorities, as was the case in *Castleberry v. City of Atlanta,* 74 Ga. 164, an individual acquires no personal right in the preservation of shade trees standing thereon as would enable him to interefere by injunction with the city authorities in the exercise of a discretionary power of removing such trees as obstructions upon the public streets. He has a right to the maintenance of the street as a public highway, unobstructed; but he has no legal right to the continuance in the street of a shade tree after the city authorities have concluded to remove it as an obstruction. In such cases the control of the streets by the city authorities is absolute." In the case then under consideration, the city having an easement only, the destruction of trees was enjoined because the court found their destruction to be a palpable oppression under the circumstances of that case. In *Bills v. Belknap,* 36 Iowa, 583, it was said: "We do not say that, if the public convenience demanded the removal of the trees, they should be or could be retained for plaintiff's comfort or to gratify his taste." In *Mt. Carmel v. Shaw,* 52 Ill. App. 429, while the court showed a strong inclination to control the discretion of the municipal authorities, it held that, when a shade tree in the business part of a city becomes an obstruction to travel or business, it may be removed by the municipal authorities as the public interests re-

quire.  In the recent case of *Hobbs v. Telephone Co.,* 147 Ala. 393, 41 South. 1003, 7 L. R. A. (N. S.) 87, this court quoted with approval, as the conclusion showed, language from the New Jersey Court of Chancery and the New York Court of Errors and Appeals to the effect that the right in the highway of an abutting owner of land is subordinate to that of the public and so insignificant, when contrasted with that of the public, as to be practically without the least beneficial interest. "Nothing," it was said in the quoted cases, "remains in the original proprietor but the naked fee, which on the assertion of public right is divested of all interest."— *Halsey v. Railway Co.,* 47 N. J. Eq. 380, 20 Atl. 860. And it was held to be the right of the public authorities to cut all trees on the public roads, or to authorize them to be cut; the abutting owner being merely entitled to the wood when felled.  The court, however, did add: "At any rate, even if the complainant had a right to compensation for his trees, his remedy at law is adequate and complete."  The municipality is the sole judge as to when and how a street shall be improved, and its determination in that regard is legislative and irrevisable by the courts.—2 Dill. Mun. Corp. (4th Ed.) §§ 686, 941; Lewis, Em. Dom. (2d Ed.) § 107.

Whether trees may be mutilated or removed to make room for electric wires or railroads, or other such uses, depends upon whether such uses are considered to be' burdens upon the highway additional to the uses contemplated in its original dedication to, or acquirement for, public use.  If such uses are held to constitute an additional burden, such improvements cannot be put upon the street without compensating the abutter, and this compensation would include any injury to his trees. —Id. *Southern Bell Tel. Co. v. Francis,* 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep 930, and

*Hobbs v. Telephone Co.,* 147 Ala. 393, 41 South. 1003, 7 L. R. A. (N. S.) 87, illustrate views this court has taken of that question. It occurs to me that they are not entirely reconcilable. But, however that may be, in my judgment the question there considered is not involved here. The question there was whether there had been a new condemnation of the plaintiff's property in the street by the imposition of an additional burden upon it.

I have seen no case in which it has been held that the abutting owner is entitled as of right to the shade and beauty of trees planted in the street subsequent to the acquirement by the public of a fee-simple title, or, for that matter, subsequent to the acquirement of an easement for the uses of a public highway. There was no invasion of any legal right of the plaintiff when the trees were felled, and, in consequence, she cannot recover.

A majority of the court, however, hold that the plaintiff was entitled to recover the difference in the pecuniary value of her property before and after the improvement, and this without regard to the ownership of the soil in the street.

DOWDELL, C. J., concurs in the views expressed by the writer.