# EDWARD SATHER v. CITY OF DULUTH.[1]

November 7, 1913.

Nos. 18,158—(46).

**Action for change of grade — case overruled.**

A cause of action for damages to abutting property, for change of grade of a street, accrues, not when the ordinance re-establishing the grade is enacted, but when the change of grade is physically made; overruling on this point McCarthy v. City of St. Paul, 22 Minn. 527.

[1] Reported in 143 N. W. 906.

Action in the district court for St. Louis county to recover $600 for injury to plaintiff's premises caused by changing the grade of the street in front. From an order, Dancer, J., overruling his demurrer to the complaint, defendant appealed. Affirmed.

*Harvey S. Clapp* and *William B. Harrison,* for appellant.

*Charles L. Lewis* and *Neil·E. Beaton,* for respondent.

HALLAM, J.

This is an appeal from an order overruling a demurrer to plaintiff's complaint. The complaint alleges the following facts: In 1893 defendant city established the grade of St. Croix avenue as it was then improved and traveled as the permanent grade of the street. In 1909 the city re-established the grade by raising it 16 inches. In 1910 plaintiff acquired title to an abutting lot. In 1911 the city filled and graded the street to the new grade. Plaintiff's lot was damaged.

Section 13, article 1, Constitution of Minnesota, as amended in 1896, provides that "private property shall not be taken, destroyed or damaged for public use, without just compensation therefor." Under this section a city is liable for damages caused by change of grade of a street. Dickerman v. City of Duluth, 88 Minn. 288, 92 N. W. 1119; Sallden v. City of Little Falls, 102 Minn. 358, 113 N. W. 884, 13 L.R.A.(N.S.) 790, 120 Am. St. 635.

There is but one question in the case, namely, when did the damage accrue. If it accrued when the ordinance was passed establishing the new grade, the action must fail, since plaintiff was not then the owner of the lot. If the damage accrued when the physical change of grade was actually made in 1911, the complaint states a cause of action.

We are of the opinion that the damage accrued when the physical change of grade was made, and not before. A change of grade on paper does no damage. The damage is then only in prospect. The change may be abandoned, and the action is subject to modification or repeal. If a property owner is permitted to recover his damages before the grade is physically changed, we may have the anomaly of a party collecting damages for acts which are never in fact per-

formed. The authorities outside of this state are practically unanimous in sustaining the views above expressed. Eachus v. Los Angeles C. E. Ry. Co. 103 Cal. 614, 621, 37 Pac. 750, 42 Am. St. 149; York v. City of Cedar Rapids, 130 Iowa, 453, 103 N. W. 790; Brown v. City of Lowell, 8 Metc. (Mass.) 172; Page v. City of Boston, 106 Mass. 84; Change of Grade in Plan 166, 143 Pa. St. 414, 22 Atl. 673; Howley v. Pittsburg, 204 Pa. St. 428, 54 Atl. 347; Devlin v. Philadelphia, 206 Pa. St. 518, 56 Atl. 21; Tyson v. City of Milwaukee, 50 Wis. 78, 91, 5 N. W. 914; 2 Lewis, Eminent Domain, §§ 969, 970; 28 Cyc. 1071, 1072. See also Dickerman v. New York N. H. & H. R. Co. 72 Conn. 271, 44 Atl. 228; Bloomington v. Pollock, 141 Ill. 346, 31 N. E. 146.

In Brown v. City of Lowell, 8 Metc. 172, 177, Shaw, C. J. said: "It is the *act done,* we think, and not the vote contemplating a future act, that may never be done, which gives the claim for damage. There is, in this respect, a manifest distinction between a vote to alter the grade of a way, and a vote or adjudication laying out a way over private property. The latter appropriates the land to the public, and devests the right of the owner to the exclusive use and possession of it, from the time it is passed." "But the former is simply a declaration of purpose, by the trustees for the public, to use their land in a particular way; but it does not affect the estate or alter the condition of adjacent proprietors until the act is done."

The case of McCarthy v. City of St. Paul, 22 Minn. 527, decided under the provisions of the St. Paul City charter in 1876, is apparently out of harmony with this rule. We regard the decision in that case, upon this point, as unsound in principle, and it is overruled.

Order affirmed.