# LUDVIG J. PEDERSON v. CITY OF RUSHFORD AND OTHERS.[1]

## June 11, 1920.

## Nos. 21,780, 21,781.

**Street — easement of public — use by abutting owner.**

1. The abutting lot owner owns to the center of the street or alley, and his ownership includes trees growing therein. The public has but an easement, and the abutting owner may use his land for a purpose compatible with the use of the public easement.

**Conversion of tree and shed in alley.**

2. Applying the principles stated, it is *held* that the defendants were liable for removing a wood shed and cutting down and converting a tree growing in an alley upon which the plaintiff's property abutted.

Two actions in the district court for Fillmore county, one to recover $300 for wrecking and removing a wood shed and the other to recover $250 for cutting down shade trees. The cases were tried together before Catherwood, J., who made findings and ordered judgment in favor of plaintiff for $100 and $90, respectively: From an order denying their motion in each case for a new trial, defendants appealed. Affirmed.

*Hopp & Larson* and *D. S. Prinzing,* for appellants.

*Webber, George & Owen,* for respondent.

DIBELL, J.

Two actions tried together in both of which the plaintiff Ludvig J. Pederson was the plaintiff. One action was to recover for removing the plaintiff's wood shed located in an alley in the rear of his lots. The other was to recover damages for cutting down and converting an elm tree located in the same alley near the plaintiff's lots. The court found for the plaintiff in both actions.

1. The abutting lot owner owns the fee to the center of a platted street or alley and his ownership includes trees growing therein. Town of Rost v. O'Connor, 145 Minn. 81, 176 N. W. 166; Town of Glencoe

[1]Reported in 177 N. W. 943.

v. Reed, 93 Minn. 518, 101 N. W. 956, 67 L.R.A. 901, 2 Ann. Cas. 594; West v. Village of White Bear, 107 Minn. 237, 119 N. W. 1064. The public has but an easement and the abutting owner may use the land for a purpose compatible with the use by the public of its easement. Ellsworth v. Lord, 40 Minn. 337, 42 N. W. 389; L. Realty Co. v. Johnson, 92 Minn. 363, 100 N. W. 94, 66 L.R.A. 439, 104 Am. St. 677; Town of Glencoe v. Reed, 93 Minn. 518, 101 N. W. 956, 67 L.R.A. 901, 2 Ann. Cas. 594. Recently we distinguished between the right of the abutting owner to use the land subject to an ordinary public easement, and his right when the easement is for a railroad right of way and necessarily exclusive. Chicago G. W. R. Co. v. Zahner, 145 Minn. 312, 177 N. W. 350.

2. The plaintiff owns the northerly one-half of lots 73, 74 and 75 in block 6 in the city of Rushford. They extend in a northerly and southerly direction. Elm street is on their east. The rear of the lots is to the north. The plat made in 1856 shows an alley along the north of the lots extending from Elm street to the west. The alley is a cul de sac with its westerly terminus at the west line of the plaintiff's property. The plaintiff's wood shed, built in 1915, was in the alley and was in part northerly of the center line. A native rock elm was near the woodshed and was wholly upon the plaintiff's one-half of the alley.

In March, 1918, the defendant city caused to be sent to the plaintiff by mail the following notice:

"Rushford, Minn.
"March 23, 1918.

"Rev. L. J. Peterson,
"Minneapolis, Minn.
"Dear Sir:
"You are hereby notified that the public alley twenty foot wide between the south line of lots 67, 68, and 69 and the north line of lots 73, 74, and 75 in block six, original city of Rushford be vacated and opened

for public use. Any property found within said alley must be removed within 30 days after this notice.

"Respectfully,

"C. C. Jensen,

"City Clerk."

In April, 1918, the city and its codefendants felled the rock elm and converted it into cordwood, and in July, 1918, the defendant and its codefendants moved the wood shed off from the alley and located it some blocks away upon city property.

The alley has never served a general public purpose. There has never been a definite route of travel through it. The tree was not an obstruction to public use. The woodshed was at a point where the alley was not capable of practical use for purposes of travel. The ground was steep and rough and immediately graded into a precipitous bluff upon which traffic was impossible. There was no intention on the part of the authorities of the city, when the notice was given, to grade the alley nor to put it into condition for public travel.

The case is fairly within the principle of West v. Village of White Bear, 107 Minn. 237, 119 N. W. 1064, where the destruction of trees within the limits of a street was enjoined, and other cases cited above. The tree was not an obstruction to public travel nor was it taken for a public use. The use made by the plaintiff of the alley for his woodshed was compatible with any actual or contemplated use by the public. The lot owner to the north may have had a remedy against the plaintiff for the encroachment of the wood shed upon the north half of the alley. See Sanborn v. Van Duyne, 90 Minn. 215, 96 N. W. 41. That question is not here.

Some other points are discussed in the brief of appellants. We have considered them all, but a discussion of them at length is not required. We think that the city took such part in the destruction of the tree and the removal of the wood shed as justifies a finding that it was liable therefor. We have assumed, favorably to the defendants, that the so-called alley was in fact an alley.

Order affirmed.