MABEL G. KELTY v. CITY OF MINNEAPOLIS AND OTHERS.[1]

December 28, 1923.

No. 23,618.

**What use of street by abutting owner is consistent with free enjoyment of public easement.**

1. An abutting owner owns to the center of the street, subject to the easement of the public, and may use it for a purpose compatible with the free use by the public. Whether a use by an abutter is consistent with the free enjoyment of the easement by the public depends upon the nature of his use and the needs and character of the occupation by the public. His use may be an obstruction inconsistent with the public easement.

**Abatement of obstruction in street.**

2. The common council of defendant city has control of its streets and may abate an obstruction or encroachment. The finding that a concrete retaining wall and steps constructed by the plaintiff and extending into the street, occupying the inner boulevard, was an obstruction of the street and of public travel, and of the public view of the street, is sustained. The wall and steps were as a matter of law an encroachment upon the street.

[1]Reported in 196 N. W. 487.

**Owner not entitled to restraining order against city.**

3. The plaintiff constructed the retaining wall and steps without a permit from the city and with notice that the city would not tolerate them. She is not entitled to an injunction against the city restraining their removal upon the ground that the city can abate them only after a judgment in its favor in an action for that purpose.

Action in the district court for Hennepin county to restrain defendant city, its mayor and other officials, from removing a concrete retaining wall and steps. The case was tried before Salmon, J., who at the close of the testimony denied defendants' motion to discharge the temporary injunction and for judgment, made findings and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Healey & Peterson,* for appellant.

*Neil M. Cronin,* City Attorney, and *R. S. Wiggin,* Assistant City Attorney, for respondents.

DIBELL, J.

Action to enjoin the defendant city and its officers from removing a concrete retaining wall constructed in front of her lot and concrete steps leading to her buildings. There was a temporary injunction. Upon final hearing the temporary injunction was dissolved and there was judgment for the defendants. The plaintiff appeals from the judgment.

1. The abutting owner owns to the center of the street, subject to the easement of the public, and may use it for a purpose compatible with the free use by the public of its easement, Town of Glencoe v. Reed, 93 Minn. 518, 101 N. W. 956, 67 L. R. A. 901, 2 Ann. Cas. 594; West v. Village of White Bear, 107 Minn. 237, 119 N. W. 1064; Rost v. O'Connor, 145 Minn. 81, 176 N. W. 166, 9 A. L. R. 1265; Pederson v. City of Rushford, 146 Minn. 133, 177 N. W. 943, and cases cited; Dunnell, Minn. Dig. and 1916 and 1921 Supp. §§ 4182-4183, and cases cited. Whether a use is compatible, or is an obstruction, depends upon the character of the use by the abutter and the character of the street. What the municipality does in

opening a street or determining its character is administrative or legislative; but the right of an abutting owner is given judicial protection. Thus, in the Glencoe case, it was held that an abutting owner might remove gravel from the highway, it not being needed for the road, and its removal not injuring it; in the White Bear case, that a village might be enjoined from cutting down trees in an unauthorized widening of the street; in the Rost case, that the highway authorities might after notice cause trees on the right of way to be removed when necessary to the improvement of the highway; and in the city of Rushford case, that trees in an alley, and a shed encroaching thereon, could not be removed apart from an opening or improvement of the highway. On the other hand, in McDowell v. Village of Preston, 104 Minn. 263, 116 N. W. 470, 18 L. R. A. (N. S.) 190, the village authorities were held negligent as a matter of law in permitting a building to remain in a public street. An application of definite general principles to the varying facts of particular cases must determine the result in particular cases.

2. The retaining wall encroaches 2½ or 3 feet beyond the property line upon the portion of the street between the sidewalk and the property line, commonly designated the inner boulevard.

By the charter the city council is given the care, supervision and control of the streets of the city. Charter, c. 8, § 1. It is given specific authority to "abate any nuisance, obstruction or encroachment upon the streets   *   *   *   of the city." Charter, c. 4, § 5 (28).

The trial court finds upon sufficient evidence that the concrete wall and stairway

"Constitute an obstruction to said street and to public travel thereon and the right of the public and adjoining property owners to a full and unobstructed view upon said street; and that the same is also an encroachment upon said street to the extent of 2½ to 3 feet thereof; that the wall and stairway so erected abuts the sidewalk upon said street and will constitute an obstruction to the full and free use of said sidewalk, particularly in the winter time when the same will make possible and probable accumulations of

ice and snow by reason of its height and close proximity to such sidewalk."

The finding could hardly be different. The council in the exercise of a legislative function determined the character of the street. The retaining wall and steps were rightly found an obstruction of the street of the character the city decided to have, and as a matter of law they were an encroachment upon it.

An old ordinance of the city, passed in April, 1895, instructed the street commissioners to direct the removal of all obstructions maintained in the streets. On August 25, 1922, the city council directed the street commissioner and city engineer to remove the concrete steps and retaining wall which are the subject of this litigation. A month later, when this order was about to be carried out, the temporary injunction issued.

The city authorities have not always prevented encroaching retaining walls and steps. The plaintiff complains that favors were shown. Granted that there were; the council may still insist with propriety that in the future encroachments may not be made. The obstruction and encroachment were in some way subject to removal.

3. It is the contention of the plaintiff, argued at length, with a thorough brief of the cases, that the steps and retaining wall cannot be removed by the city in the absence of a judgment in equity determining the rights of the parties and finding it entitled to such relief. We do not find it necessary to examine the scope of this doctrine. The plaintiff obtained permits from the city for the construction of her buildings. They showed no encroachment beyond the lot line and no obstruction of the street. There is evidence, which the court accepted as true, that the plaintiff was informed early in the improvement of her property, perhaps before it had really begun, that she would not be permitted to encroach upon the street with a retaining wall and steps. This is not a case where an encroachment or obstruction had been permitted upon a street, or had remained for a considerable period, and the city proposed to remove it summarily. The action of the city was preventive in its nature. It warned the plaintiff before or soon

after the construction commenced. The plaintiff chose to build, with notice of the result which would follow, and the city interrupted the construction. This is not a case, whatever may be the scope of application of the rule suggested in some cases that an adjudication must be had before removal, where the city should await the completion of the construction and then seek a judgment. The argument would be better if the city were removing summarily an encroachment or obstruction which had acquired some degree of permanency in point of time. We make no holding upon the rule argued by the plaintiff. It may be noted that this action determines the same rights which would have been determined had the city awaited the completion of the construction and then brought action. Indeed in this very action it would seem that the city by an appropriate prayer for relief could have the same relief as in an independent action brought to abate the encroachment and obstruction. The plaintiff should not have a permanent injunction. But not even now is it to be supposed that undue hardship will be placed upon the plaintiff in the enforcement of the removal of the wall and steps. It is in the power of the trial court to reduce it to a minimum and give her an opportunity of making the removal.

Some other points are suggested in the brief of appellant. In our view what we have said disposes of the case, and the opinion should not be prolonged.

Judgment affirmed.