## ANTHONY KOCHEVAR AND ANOTHER v. CITY OF GILBERT.

141 N. W. (2d) 24.

March 4, 1966—No. 39,528.

*William R. Ojala,* for appellant.

*O'Leary, Trenti & Berger* and *Paul Q. O'Leary,* for respondents.

NELSON, JUSTICE.

Appeal from an order of the district court denying the motion of defendant city for an order setting aside the findings of fact, conclusions

of law, and order for judgment, and substituting therefor findings of fact, conclusions of law, and order for judgment in its favor, or for a new trial.

The facts are simple. Plaintiffs, residents of the city of Gilbert, are the owners of three adjoining lots in the city. The record discloses that in May 1960 plaintiffs received a letter from the city engineer notifying them that their lawn extended approximately 2 feet into an abutting alley which was supposed to be 20 feet wide. Plaintiffs did not contest this and the city subsequently cut out the encroachment claimed, leaving an edge roughly 18 inches high. Plaintiffs then asked the city clerk if the job had been completed and received assurances to that effect. They then cut the bank in toward their abutting lots another foot or so in order to make a retaining wall out of taconite blocks and put in the wall and a picket fence. After this had been completed, in October 1961 they received another letter from an engineering firm hired by the city claiming that they were still encroaching on the alley 2 or 3 feet. Plaintiffs then went to the city council for information and were told that the city engineer had made a mistake and that he had been fired. A few days later the city removed plaintiffs' wall and fence with a bulldozer. A barn on an adjacent lot also protruded into the alley a foot past the new line, but was not touched; nor was any of the other property abutting on the alley. The present city engineer testified that the wall constructed by plaintiffs did not constitute any kind of a drainage problem. There is nothing contained in the record to indicate that the city council had a specific improvement for the public benefit in mind.

The court below having granted defendant's motion to strike the paragraph of the complaint wherein plaintiffs had alleged negligence on the part of the city, the action was then tried solely on a paragraph which contained the following allegations:

"That subsequently thereto on October 7, 1961, said plaintiffs were again notified by the defendant's engineer that said fence and retaining wall in its new location encroached on said alley approximately two feet; that subsequent thereto defendant and others acting in its behalf subjected said plaintiffs to harassment and interference of the rights of said property owners."

At the conclusion of the trial the jury was dismissed by the consent of the parties and the trial court made the decision both on the law and the facts, awarding plaintiffs judgment for $250 on the basis that the city had followed an improper procedure which resulted in damage of that amount to plaintiffs.

The following legal issues are involved: Whether the trial court committed prejudicial error when it took the case away from the jury; whether the findings of fact, conclusions of law, and order for judgment were contrary to law; and whether they were justified by the evidence.

■ The rule appears to be elemental that any abutting landowner owns to the middle of the platted street or alley and that the soil and its appurtenances, within the limits of such street or alley, belong to the owner in fee, subject only to the right of the public to use or remove the same for the purpose of improvement. It was so held in West v. Village of White Bear, 107 Minn. 237, 119 N. W. 1064, where an action was commenced by five property owners whose premises abutted on a street in the village to restrain the village authorities from cutting certain trees in front of their premises but within the limits of the street. The court found for the plaintiffs, saying that it did not follow that merely because the trees were within the limits of the street as platted the authorities had the right to remove them. In that case the city intended to widen the old traveled portion of the street. Not having taken the proper steps to do so through condemnation, it lacked authority to widen the road at any other point than in front of plaintiffs' premises, and trial court's conclusion that it would result in unnecessary injury to remove their trees for that purpose was affirmed.

■ In Pederson v. City of Rushford, 146 Minn. 133, 177 N. W. 943, plaintiff sought to recover for the removal of a tree and a woodshed in the alley behind his lots. The alley was not used by the city and was used little if at all by the public. This court said (146 Minn. 134, 177 N. W. 943):

· "* * * The public has but an easement and the abutting owner may use the land for a purpose compatible with the use by the public of its easement. * * *

* * * * *

"* * * The tree was not an obstruction to public travel nor was it taken for a public use. The use made by the plaintiff of the alley for his woodshed was compatible with any actual or contemplated use by the public."

The foregoing cases seem to indicate that where the encroachment is not clearly an obstruction to the public's use of the easement, there must be an adjudication that it is before it can be removed, and its taking without an adjudication that it could be lawfully done is compensable.

The defendant city has cited the case of Kelty v. City of Minneapolis, 157 Minn. 430, 196 N. W. 487, as controlling in its favor. In the Kelty case the plaintiff claimed there should have been an adjudication to determine if the defendant city could take her concrete retaining wall. This court said that since there had been a warning by the city before the obstruction was built, plaintiff was on notice and could not object to the city's removing it. The court pointed out that it was not a case where an encroachment or obstruction had been permitted upon a street, or had remained for a considerable period, and the city then proposed to remove it summarily. However, in the Kelty case this court also said (157 Minn. 431, 196 N. W. 487):

"* * * Whether a use is compatible, or is an obstruction, depends upon the character of the use by the abutter and the character of the street. *What the municipality does in opening a street or determining its character is administrative or legislative; but the right of an abutting owner is given judicial protection.*" (Italics supplied.)

In this case it is not made clear that plaintiffs' retaining wall constituted an obstruction to the use of the alleyway. McDowell v. Village of Preston, 104 Minn. 263, 116 N. W. 470, 18 L. R. A. (N. S.) 190, cited by defendant, is clearly distinguishable and not controlling in this case. It can hardly be said that a wall encroaching 2 feet on an alleyway approximating 20 feet in width is an obstruction, especially where an adjoining barn protruding into the alley by 1 foot is not declared an obstruction. It seems clear to us that under the circumstances here there should have been no action taken prior to an adjudication that the

removal was necessary because the city intended to improve the alley-way for the benefit of the public.

The record is clear that the city consented to the case being taken away from the jury and determined by the court. See, Rule 38.02(3), Rules of Civil Procedure.

While the court below would appear to have ruled correctly when ruling out negligence under plaintiffs' complaint, it nevertheless appears that the allegation on the issue of harassment has support in the record and that the order of the court below ought to be affirmed.

Affirmed.