**NEIGHBORHOOD PRESERVATION ASSOCIATION OF DETROIT LAKES, Appellant,**

v.

**CITY OF DETROIT LAKES, Respondent.**

No. C1–84–1151.

Court of Appeals of Minnesota.

Sept. 4, 1984.

Gregory D. Larson, Thomason, Larson & Masog, Park Rapids, for appellant.

James O. Ramstad, Detroit Lakes, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals an order denying their request for an injunction and dismissing their complaint. We affirm.

## FACTS

On December 6, 1983, the Detroit Lakes City Council adopted a resolution ordering improvement of a three block segment of Summit Avenue in that city. The project envisions utility installation and roadway widening of the segment from its present 37 feet to a paved width of 44 feet. In addition to property assessments, state aid monies and general taxes will be used to finance the project. Bids were opened on April 3, 1984 and are firm until September 6.

Summit Avenue is situated in a residential neighborhood. It is dedicated to a platted street width of 66 feet. Both east and west sides of the three block segment have boulevards approximately 4 feet wide running between the sidewalk and the paved roadway.

On these boulevards are some 73 trees, consisting of 49 American Elms, 5 Siberian Elms, 11 Box Elders, 5 Ash and 3 Silver Maples. Although the trees create no impediment to foot or vehicular traffic at the present paved roadway width, they do interfere with the contemplated roadway widening. All of the trees subject to removal are located within the 66 foot platted street right-of-way.

Pursuant to Minn.Stat. § 429.031 (1982), the City mailed notices of the feasibility hearing to all owners of property abutting the three block segment of Summit Avenue slated for improvement. The hearing was set for December 6, 1983, and notice was mailed on November 18, 1983. The hearing notice advised of the time and place of the hearing, the area to be assessed, the estimated cost, and that the subject would be street and utility improvements.

Members of appellant's association attended the hearing on December 6, 1983 and were present in number at the January

3, 1984 council meeting to voice their opinions before the final plans were adopted.

About March 23, 1984, appellant served the City with a motion for a temporary injunction halting both the bidding process and work on the project, together with a summons and complaint. On April 3, 1984, the Becker County District Court denied plaintiff's motion for a temporary injunction. After a trial to the court on April 26, 1984, the district court denied a permanent injunction and dismissed the complaint.

## ISSUES

1. Is the City required to compensate owners of property abutting a platted street for removal of the trees in the right-of-way pursuant to necessary street improvement?

2. Was the notice of hearing sent by the City to abutting property owners sufficient under Minn.Stat. § 429.031 (1982)?

3. Were the City's street and sewer improvement projects a necessary and reasonable exercise of the city council's powers?

## ANALYSIS

1. *Damages:*

 Article 1, section 13 of the Minnesota Constitution provides:

Private property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured.

Minn. Const. Art. 1, § 13. Abutting property owners have a right to compensation if their property outside the public easement is taken or destroyed. *See Johnson Brothers Grocery, Inc. v. State Department of Highways,* 304 Minn. 75, 78, 229 N.W.2d 504, 505 (1975); *Sallden v. City of Little Falls,* 102 Minn. 358, 361, 113 N.W. 884, 885 (1907). The same is not true for property located within the easement. *Foote v. City of Crosby,* 306 N.W.2d 883, 886 (Minn. 1981).

In *Foote,* the Minnesota Supreme Court faced a situation almost identical to this matter. The City of Crosby was attempting to widen a street. The proposed improvement required the removal of trees. The *Foote* court stated:

Where the trees are within the lines of the street or sidewalk on which grading is done, the municipality is not liable to the abutting owner, should their destruction become necessary in the proper execution of the work.

*Id.* (quoting 13 E. McQuillan, *The Law of Municipal Corporations* § 37.253 (rev. vol. 1971)).

 Appellants are not entitled to compensation for the destruction of trees because the trees are within a platted right-of-way.

 At oral argument it was evident appellants wanted to preserve the trees but if unsuccessful they were concerned about damages and assessments also. This concern can be addressed at the assessment hearing yet to be scheduled pursuant to Minn.Stat. §§ 429.051 and 429.061 (1982). A municipality cannot levy a special assessment that exceeds the special benefit which the property derives from the improvement. In determining the value of special benefit, the City must consider what increase there has been in the market value of the land from the improvement. *See Joint Independent School District No. 287 v. City of Brooklyn Park,* 256 N.W.2d 512, 516 (Minn.1977). The loss of the boulevard trees must necessarily be considered in determining the market value. Plaintiffs will have an opportunity then to challenge the proposed assessments as provided by Minn. Stat. §§ 429.061 and 429.081 (1982).

 2. Appellant claims the City's notice of hearing was not specific enough to meet the requirements of Minn.Stat. § 429.031, subd. 1 (1982). Section 429.031, subd. 1 requires the notice include the "general nature of the improvement." *Id.* The City's notice of hearing stated that "street and utility improvements" would be considered. Members of appellant's association did, in fact, attend the December 6, 1983 hearing. Although a more specific notice including a description of the con-

templated work would have been better, we are convinced the City's notice satisfied the statutory requirement.

3. Appellant asserts the City's decision to widen the street was an abuse of discretion. Appellant cites no authority for this proposition. The record indicates the project was part of an ongoing plan and that this area of Summit Avenue was a bottleneck, other portions previously having been widened. The record also indicates the city council has carefully considered its actions. The City did not abuse its powers by adopting a plan to widen Summit Avenue.

### DECISION

The City is not required to compensate abutting property owners for removal of trees from an abutting platted street right-of-way because of necessary street improvement. The notice of hearing sent by the City to abutting property owners was sufficient under Minn.Stat. § 429.031 (1982). The City's street and sewer improvement project was a necessary and reasonable exercise of the city council's powers.

Affirmed.