**STATE of Minnesota, Appellant,**

v.

**Richard C. DAVIS, Respondent.**

**No. C0-85-1572.**

Court of Appeals of Minnesota.

Nov. 5, 1985.

Paul B. Ahern, Minnetonka, Hubert H. Humphrey, III, Atty. Gen., St. Paul, for appellant.

David A. Bailly, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This appeal is from the trial court's order dismissing the State's criminal complaint against respondent Richard C. Davis for intentionally obstructing a public right-of-way in violation of Minn.Stat. § 609.74(2). We reverse and remand for further trial court proceedings.

## FACTS

In October, 1984, the Tonka Bay City Council received a letter from respondent Richard Davis, complaining that a neighbor's boat, parked in the off pavement portion of Fairhope Avenue, hindered snow removal and made parking difficult for other area residents. Several days later, members of the council inspected the area. During their inspection the council met with neighbors of Davis who told them that Davis was also obstructing the street with a rock garden and other landscaping in front of his home.

The following month, after a full hearing on the matter, the council voted to order removal of the boat and Davis's rock garden. The Mayor advised the parties that a

failure to comply with the council's resolution would result in criminal charges.

On December 6, 1984, a police officer went to Davis's house and told Davis's wife that the rock garden and landscaping had to be removed within seven days or a citation would be issued. A week and a half later the officer returned to the Davis residence, noticed that the rock garden and landscaping had not been removed, and issued a citation charging Davis with maintaining a public nuisance in violation of Minn.Stat. § 609.74(2).

Before trial Davis moved to dismiss the criminal complaint, alleging in his motion that the State failed to show the rock garden was an obstruction to the public right-of-way, and that civil injunctive relief rather than a criminal complaint was the proper procedure for the city council to pursue in resolution of the matter. The trial court granted Davis's motion and the criminal complaint was dismissed. The State appeals from the order of dismissal.

## ISSUE

Did the trial court err in its determination that respondent's rock garden was not an "obstruction" to the public's right-of-way within the meaning of Minn.Stat. § 609.74(2)?

## ANALYSIS

Minn.Stat. § 609.74(2) provides in pertinent part:

Whoever by his act or failure to perform a legal duty intentionally does any of the following is guilty of maintaining a public nuisance, which is a misdemeanor:

\* \* \* \* \* \*

(2) Interferes with, obstructs, or renders dangerous for passage, any public highway or right-of-way \* \* \*.;

In its order dismissing the criminal charges against Davis, the trial court relied exclusively on the standard used to determine whether a municipality may seek civil injunctive relief to remove alleged obstructions by a landowner to a public right-of-

way. The general rule is stated in *Foote v. City of Crosby*, 306 N.W.2d 883, 885 (Minn. 1981):

"[A]n abutting owner may use his one-half of the roadway in any manner compatible with use by the public of its easement. Thus, where an alley had never been used by the public as a route of travel and was, in fact, too steep to be suitable for such use, a city was not entitled to remove a tree and woodshed located within the right-of-way. *Pederson v. City of Rushford*, 146 Minn. 133, 177 N.W. 943 (1920). Moreover, an encroachment must be clearly an obstruction to the public easement before a municipality may remove it without an adjudication that it is, in fact, an obstruction."

Applying this standard the trial court found as a matter of law that Davis's rock garden and other landscaping was not an obstruction to the public's right-of-way because the council had not adjudicated the issue before the filing of criminal charges and no previous complaints of problems with the rock garden were received by the city before this incident occurred. Such a finding is error.

*Foote* applies solely to summary removal of obstructions by a municipality. Here the city council has taken no action to summarily remove the rock garden and other landscaping owned by Davis. Rather the council chose to prosecute as a criminal matter Davis's refusal to remove the rock garden after express notice was given to him by the council of its intentions to do so on two separate occasions.

The critical factual issue of whether Davis's rock garden interfered with or obstructed the public's right-of-way within the meaning of the criminal statute was a jury issue.

We might add we do not favor the use of criminal statutes as a substitute for civil remedies.

## DECISION

Reversed and remanded for further trial court proceedings.