## O. N. JOHNSON v. VILLAGE OF GIBBON AND OTHERS.[1]

January 21, 1927.

No. 25,491.

**Removal of abutter's curb along boulevard was arbitrary on part of village council.**

There is a legally existing boulevard in front of plaintiff's residence property. Without encroachment upon the travelled way, he installed a curb and gutter. . Without widening the roadway, and proceeding against plaintiff alone, the village authorities, after notice to plaintiff, destroyed and removed the curb for the purpose probably of permitting the parking of automobiles on the boulevard. *Held* under such circumstances a verdict is sustained which rests upon a finding that such action was arbitrary and capricious.

Municipal Corporations, 28 Cyc. p. 865 n. 45 New; p. 961 n. 56.

Defendants appealed from an order of the district court for Sibley county, Tifft, J., denying their motion for judgment notwithstanding the verdict or a new trial. Affirmed.

*P. W. Morrison,* for appellants.

*Geo. A. & C. H. MacKenzie* and *H. A. Knobel,* for respondent.

STONE, J.

Defendants, the village of Gibbon and the members of its council, are sued in tort. After verdict for plaintiff, they appeal from the order denying their alternative motion for judgment notwithstanding or a new trial.

Plaintiff's residence property faces south on one of the principal streets of the village. Opposite is a park much frequented for amusement purposes by those who come in automobiles and find it convenient to park their machines as nearby as possible. For over 20 years there has been a seven foot boulevard along the street in front of plaintiff's property. In 1924 plaintiff improved it by installing a curb and gutter. The former did not increase the width

[1]Reported in 212 N. W. 15.

of the boulevard and the latter did not raise the level of the drive-way. Neither encroached upon nor in any way interfered with the use of the travelled way by the public. As to materials and method of construction, both were unobjectionable. The individual defendants, members of the village council, objected to the improvement and ordered plaintiff to remove it. He ignored their order and they caused the curb to be torn out. The gutter was left in place. This action is for damages for the destruction of the curb.

No attempt was made by defendants to vacate the boulevard as such or to widen the travelled way. It may appear by inference that the other property owners in the block have not installed curbs or gutters. But as long as the boulevard remains established as it is, there is no reason why they should not do so. No attempt has been made by defendants to interfere with the lawful use by the other property owners of the boulevard in front of their properties. Subject to the easement of the public, the adjoining property owners own the fee to the middle of the street and there are many uses, not inconsistent with the rights of the public, to which, in the absence of express legal restrictions in the interest of uniformity of treatment, they may put the boulevards in front of their premises.

In argument, the attempt is made to justify the action of the council upon the ground that the curb prevented the use of the boulevard for the parking of automobiles. That may be conceded. It may well be that that was one of plaintiff's purposes in making the improvement. If so, it may have been a laudable purpose, for the unreasonable extent to which automobiles are habitually and indiscriminately parked on streets for long periods amounts to a moral if not a legal trespass. It interferes with the public right of passage and frequently and grievously with the proper enjoyment of the abutting property owners. Streets are devoted to public use for the passage of traffic and not the storage of vehicles. But aside from that, and even though there be indulged the assumption that under the peculiar circumstances of this case the boulevard was needed for public use, there is testimony to the effect that it was the purpose of defendants to single out plaintiff for adverse and exemplary action.

There was no "talk about anybody else's boulevard being cut down except" plaintiff's. He had installed the curb and gutter, as he had a perfect right to do in the absence of explicit regulative restrictions of the kind above referred to, without the permission of defendant councilmen. The recorder testified that it was considered a "duty to make him take it out in order to show him the village council had jurisdiction over the streets."

In that situation it is too clear for further discussion that the learned trial judge was right in submitting to the jury the question whether defendants had acted in good faith or arbitrarily. The jury must have concluded that they acted capriciously and in unlawful discrimination against plaintiff. There was less ground for their action than for the similar conduct nullified in West v. Village of White Bear, 107 Minn. 237, 119 N. W. 1064, where an injunction was granted to prevent the widening of a street in front of the plaintiff's property because of the absence of any authority to make "the improvement continuous along the line of the road." Here doubtless such authority exists but there has been no attempt to exercise it in any lawful manner. A simple statement of the case shows that the verdict has ample support in the evidence.

Order affirmed.