(112 So. 98)

## CITY OF FAIRFIELD v. LEWIS.
### (6 Div. 89.)

(Court of Appeals of Alabama. March 29, 1927.)

A. G. Esslinger, of Fairfield, and London, Yancey & Brower, of Birmingham, for appellant.

Barber & Barber, of Birmingham, for appellee.

SAMFORD, J. There are many points of decision presented by this record for review.

Some of these would entail an extended discussion of numerous opinions of former decisions of the Supreme Court of this and many other states, and might at last find us in the same hopeless division as was the Supreme Court in the City of Birmingham v. Graves, 200 Ala. 463, 76 So. 395, and McEachin v. Tuscaloosa, 164 Ala. 263, 51 So. 153. As we see it, the law of this case is determined by the two cases above cited, as far as may be by two divided opinions, and all we can do is to apply the facts here to the law as declared there, in the doing of which many of the errors assigned need not be considered.

The trees in front of appellee's lot were not on either margin of the sidewalk, which in no manner obstructed the same, or interfered with the use thereof. These trees were at or near the center of the sidewalk and did impede pedestrians in its free and uninterrupted use, and as the trees continued to grow and enlarge, the nuisance would increase from year to year. The rights of appellee, under section 235 of the Constitution, are not here involved.

In the instant case, the evidence is overwhelming to the effect that the city was acting under its police powers in cutting and removing the trees here in question. The sidewalks of a city belong to the whole people, and it is the duty of the municipality, acting through its duly constituted authorities, to maintain such sidewalks in a reasonably safe condition for their appropriate uses. In the discharge of this duty, the municipality has power and authority to remove from the sidewalks and from the public streets any unlawful obstruction whether placed or growing thereon. This proposition is very ably discussed in the dissenting opinion of Mr. Justice Thomas in City of Birmingham v. Graves, 200 Ala. 463–468, 76 So. 395. The dissenting opinion is specifically concurred in by three of the Justices, and the majority opinion is in harmony with this part of Mr. Justice Thomas' opinion. The foregoing being the case and not finding a clearer statement of the law elsewhere; we are here citing that part of the dissenting opinion in the case, supra, as being applicable here.

The trees in question here being so located on the sidewalks as to constitute an obstruction to the free and unimpeded use of said sidewalks, and to be a continuing nuisance, it was the duty of the city authorities to remove them, and for the doing of which neither they nor the city could be held liable in damages.

The foregoing being the law, it becomes unnecessary to pass upon other questions presented.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.