2 So.2d 314
**CITY OF CULLMAN v. LAMINACK et al.**
6 Div. 648.

Court of Appeals of Alabama.
Feb. 21, 1941.

Rehearing Denied March 18, 1941.

St. John & St. John, of Cullman, for appellant.

Kenneth Griffith, of Cullman, and Norman W. Harris, of Decatur, for appellees.

BRICKEN, Presiding Judge.

Appellees are, and were, the owners of a certain city lot, and improvements thereon, in the City of Cullman, Alabama, which bordered and fronted upon Fourth Street West, a public street, in a residential section of said City of Cullman.

On, or about, August 8, 1938, said city, acting by its duly authorized agency, cut down and destroyed certain oak trees growing and standing in said street immediately in front of the above-described lot of appellees, and also a certain cherry tree which appellees claim was standing and growing upon the above-described lot.

The said owners of said lot further claimed that the cutting down and destruction of said trees by said city occurred in and was a part of the work of widening and paving said Fourth Street West, by said city, and that the cutting and de-

struction of said trees damaged their above-described lot in the sum of $1,000.

Said owners brought their suit against said city in the Circuit Court of Cullman County, Alabama, for said sum of $1,000, damages, alleged to have been sustained by them in the depreciation of the value of their said lot, occasioned by the cutting and destruction of said trees.

To the complaint as originally filed, and later amended, by said owners as plaintiffs, defendant filed its plea of the general issue, and several special pleas, in which special pleas said city alleged that said trees were cut down and destroyed by said city, because they constituted a public nuisance, and were so cut down and destroyed under the general police power of said city.

The plaintiffs demurred to the defendant's said special pleas and these demurrers were sustained by the trial court. Issue was joined in the court below upon the complaint containing counts 1 and 2, and upon defendant's plea of the general issue thereto.

The case was tried before a jury who returned a verdict for plaintiffs assessing the damages at the sum of $175, for which sum the judgment of the trial court was pronounced and entered, together with the costs of suit, and from which this appeal was taken.

Before taking its appeal, defendant filed its motion for a new trial, which was overruled, and this appeal presents also the propriety, or correctness, of the judgment upon the motion for a new trial.

■ It is the opinion and judgment of this court that the defenses presented under defendant's pleas numbered 1, 2, 3, 4, 5 and 6, were properly presented under the plea of the general issue and therefore the action of the trial court in sustaining demurrers to said pleas was without prejudicial error.

One of the controlling questions upon the trial of this case, aside from the amount of damages sustained by plaintiffs, if any, was whether or not the oak trees mentioned in the complaint were cut down and destroyed as a necessary incident to the placing of walks, curbs and gutters in and along said Fourth Street West of said city, and in hard surfacing, or paving said street by said city under its power of eminent domain, or whether said trees were cut down and destroyed by said city as a public nuisance, under its general police power. These issues were fairly covered and presented to the jury under defendant's plea of the general issue.

■ We have examined this record with care and with attentive consideration. After an examination of the pleadings, of the testimony, and of the admission of the defendant city, to the effect that the work of improving and paving Fourth Street West of said city, and of removing the trees described in the complaint therefrom was done by the Works Progress Administration, an agency of the United States Government, and that said City of Cullman sponsored said work and paid 28% of the costs thereof, it is the opinion and judgment of this court, that from said testimony and its legitimate inferences, the jury was authorized to find from said testimony, if it saw fit to do so, that the cutting and destruction of said trees by the Works Progress Administration, under authority from the City of Cullman, was the act of said city, and was an incident to, and rendered necessary by, the widening and pavement of said street.

In this view of the case the law applicable to the facts is as stated by our Supreme Court in the case of McEachin v. Mayor, etc., City of Tuscaloosa, 164 Ala. 263, 51 So. 153.

We are of the opinion therefore that the facts of this case, as determined by the jury and fairly supported by the testimony and its legitimate inferences, do not come within the controlling influence of the case of City of Birmingham et al. v. Graves, 200 Ala. 463, 76 So. 395, or City of Fairfield v. Lewis, 22 Ala.App. 50, 112 So. 98.

■ It must also be taken into consideration that Mrs. Votis Laminack testified that the cherry tree, mentioned in the complaint, "was in the corner of my yard, across the sidewalk next to the house. It was between the sidewalk and my house." If said cherry tree was located upon plaintiff's lot, then it is very clear that the City of Cullman had no right to cut it down and destroy it, under its police power or any other power without making payment therefor.

We have carefully examined the testimony in this case, and having examined also the motion for a new trial, which was overruled, we are of the opinion that

the judgment of the court upon said motion, under the authority of the case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, and the many other cases which have followed and approved the rule therein declared, should not be disturbed by this court.

There are other assignments of error which we do not think necessary to consider, as what we have hereinabove said is deemed by us to be controlling in the matter of this appeal.

The judgment of the lower court, from which this appeal was taken, will stand affirmed.

Affirmed.