William D. RHODENBAUGH, et
al., Respondents,

v.

CITY OF BAYPORT, Washington
County, Appellant.

No. C8–89–1330.

Court of Appeals of Minnesota.

Jan. 23, 1990.

Review Denied March 16, 1990.

James F. Lammers, Eckberg, Lammers, Briggs, Wolff and Vierling, Stillwater, for respondents.

John H. Rheinberger, Rheinberger and Rheinberger, Stillwater, for appellant.

Considered and decided by CRIPPEN, P.J., and GARDEBRING and FLEMING,* JJ., without oral argument.

## OPINION

WILLIAM J. FLEMING, Judge.

Appellant City of Bayport sought to assess respondents' property for the entire cost of a sanitary sewer extension. Respondents objected to the assessment due to failure of the city to follow statutory requirements prior to ordering the improvement. The trial court held that the city had failed to comply with statutory requirements for ordering the improvement, and that this failure rendered the assessment against respondents' property invalid.

Judgment was entered against the city on April 24, 1989, and this appeal followed.

## FACTS

Respondents William and Judy Rhodenbaugh owned a piece of property in the City of Bayport, on which they wanted to build a home. Because of the excessive slope of the property, they were required to obtain a variance from the city. This variance was granted by the Bayport City Council at its regular meeting on July 6, 1988.

At the same meeting, plans were discussed for extending the city's sanitary sewer to respondents' property. No specific plan was approved, and a motion was passed by the city council to hold a public hearing on the proposed sewer extension on July 23, 1988.

At the July 23 council meeting, four alternative plans were discussed, ranging in cost from $7,300 to $21,500. There is no mention in the minutes of any specific objection by respondents to the proposals, other than a comment by Mr. Rhodenbaugh that 160 feet of PVC pipe would be adequate, rather than the 190 feet indicated in the proposal that was ultimately accepted. The city council did not adopt a resolution authorizing the improvement, but the council minutes indicate that a motion to authorize the improvement was unanimously approved.

On August 1, 1988, the city engineer reported to the council that the sewer extension project had commenced, and was expected to be completed within the week.

At the October 3, 1988 council meeting, the minutes indicate that the "Rhodenbaugh assessment" was discussed, and the council agreed to hold a public hearing on the assessment on October 24. This hearing was subsequently postponed until November 7. It is undisputed that the council served notice of the assessment hearing on respondents, and that notice was published as required by law.

Respondents served notice of their objection to the proposed assessment on the mayor and city council prior to the November 7 hearing. At the hearing, respondents questioned the amount of the assessment ($13,936.92), noting that they had informed the council that even the originally-proposed cost ($9,600) was excessive and unaffordable. The city attorney advised the council that in order to assess the property, a determination had to be made as to how much the property was benefited by the assessment. The public works superin-

---

* Acting as judge of the court of appeals by appointment pursuant to Minn.Const. art. VI, § 2.

tendent stated that no other property had been benefited by the sewer extension, and that the project was not completed in anticipation of hooking up to other property. Apparently, based on this advice, the city council approved a motion to assess the entire cost of the sewer extension against respondents' property.

Respondents filed a notice of appeal, and the matter came before the trial court on April 18, 1989. After brief testimony by the city administrator, the trial court granted summary judgment in favor of respondents. In an order and memorandum dated April 24, 1989, the trial court held the assessment invalid due to the city's failure to comply with statutory requirements related to improvements. Specifically, the court held that the failure of the city to comply with the notice requirements for improvement hearings specified in Minn.Stat. § 429.031, subd. 1 (1988), deprived the city council of jurisdiction to proceed with the improvement or to render an assessment against respondents' property.

Judgment was entered in favor of respondents on April 24, 1989, from which the city now appeals.

### ISSUES

1. Did the trial court properly grant summary judgment in favor of respondent property owners based upon the city's failure to comply with the provisions of Minn. Stat. § 429.031?

2. Did the city act properly in assessing the entire cost of the improvement to respondents' property where there was no determination of the extent to which the property was benefited by the improvement?

### ANALYSIS

*Standard of Review*

On appeal from summary judgment, it is the function of this court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

On appeal this court must view the evidence in a light most favorable to the party against whom summary judgment was granted. *Grondahl v. Bulluck,* 318 N.W.2d 240, 242 (Minn.1982).

### I.

■ 1. The trial court held the city was without jurisdiction to render the assessment against respondents' property because of the following flaws in the procedure for ordering the improvement:

1. Failure to adopt a resolution ordering a public hearing on the subject improvement;

2. Failure to publish a notice of the public hearing and to mail a notice of the public hearing to the owners of property within the area proposed to be assessed (i.e., respondents);

3. Failure to hold a public hearing on the proposed improvement; and

4. Failure to adopt a resolution ordering the improvement.

These requirements are all contained in subdivision 1 of Minn.Stat. § 429.031. This subdivision provides a method whereby a city can order an improvement on its own motion, in the absence of a request for the improvement from affected property owners.

The trial court concluded that the notice and hearing requirements of Minn.Stat. § 429.031, subd. 1 are jurisdictional, and that the failure of the city to comply with these requirements invalidates any subsequent assessment for the improvement. In support of this conclusion, the trial court cited a number of opinions of the attorney general and *Independent School District No. 254 v. City of Kenyon,* 411 N.W.2d 545 (Minn.Ct.App.1987).

In *City of Kenyon,* this court affirmed the invalidation of a special assessment where the city originally represented that the project would be paid for by general financing, and then contradicted itself after the project had been completed and specially assessed the improvement. *Id.,* 411 N.W.2d at 548. In affirming the trial court, we noted our agreement with the

reasoning of Op.Atty.Gen. 408–C (July 10, 1956), quoting the following language with approval:

> The requirement for the hearing on the improvement under [section 429.031] is jurisdictional and is included to afford owners whose properties would be benefited by the proposed improvement and subject to assessments therefor, the opportunity to be heard on the question of its desirability and feasibility. Compliance with the requirement is mandatory. Failure of such compliance precludes any assessment for the improvement.

*City of Kenyon*, 411 N.W.2d at 549.

Thus, the trial court was correct in holding that the city's failure to comply with the notice and hearing requirements would preclude subsequent special assessment *if the improvement was ordered under Minn.Stat. § 429.031, subd. 1.*

2. The city concedes that it did not take the steps required by subdivision 1, but argues that it was not required to do these things because respondents petitioned for the improvement within the meaning of Minn.Stat. § 429.031, subd. 3. Under that section, the requirement of a public hearing is waived when "all owners of real property abutting upon any street named as the location of any improvement" petition the council to construct the improvement. Minn.Stat. § 429.031, subd. 3 (1988). In such cases, "the council may, without a public hearing, adopt a resolution determining such fact and ordering the improvement." *Id.*

█ The trial court properly determined that the city had not met the requirements of the Minn.Stat. § 429.031, *subd. 1* method of ordering an improvement. However, the trial court did not address the Minn. Stat. § 429.031, *subd. 3* method, which the city claims it substantially complied with in ordering the sanitary sewer extension. Minn.Stat. § 429.031, subd. 3 provides an alternative means by which a city may order an improvement *without* notice and a hearing, where the affected property owners petition for the improvement. Because the trial court failed to consider this alternative method, we must reverse the summary judgment granted to respondents. The procedural failings found by the trial court all relate to Minn.Stat. § 429.031, subd. 1. Because this subdivision does not provide the only means by which a city may order an improvement, the trial court erred in granting summary judgment based exclusively on the city's failure to comply with the requirements of Minn.Stat. § 429.031, subd. 1.

3. The city claims that respondents petitioned orally for the improvement at the June 23, 1988 council meeting. Respondents claim that the petition required must be a *written* petition. This contention is supported by Minn.Stat. § 429.035 (1988), which requires the council, upon presentation of a petition, to determine by resolution "whether or not the petition has been *signed* by the required percentage of owners of property affected thereby." (Emphasis added.)

█ In this case, however, respondents attended all the city council meetings at which the proposed improvement was discussed, and there is no indication in the record that they ever attempted to withdraw their request for extension of the sanitary sewer system. Respondents did not raise any substantial objection to the city council's actions until after the improvement had been completed. Respondents stood by and watched as the improvement which they had petitioned for (albeit orally) was completed, and then objected to the special assessment to pay for the improvement because their petition was not in writing.

We hold that where, as here, the property owners make an oral request for an improvement to the city council, and thereafter fail to object to the improvement as ordered until after its completion, the oral request constitutes a sufficient petition for purposes of Minn.Stat. § 429.031, subd. 3. To allow the property owners in this case to stand on the technical objection that their petition was not in writing, when the record clearly indicates that they received the benefit which they unequivocally requested, would be to exalt form over substance.

■ 4. The city also failed to adopt the resolution required by Minn.Stat. § 429.031, subd. 3, determining that the owners of the property affected had petitioned for the improvement, and ordering the improvement. Instead, the city council approved a motion at the June 23, 1988 meeting to accept the city engineer's recommendation and authorize the improvement plan. The city argues that this was sufficient, citing *Lindahl v. Independent School District No. 306*, 270 Minn. 164, 168–169, 133 N.W.2d 23, 26 (1965):

> Technically, a resolution is a formal expression of the will or settled decision of a deliberative assembly, while a motion is usually a proposal for action by the assembly. In many instances, however, the statutory requirement of a resolution has been fulfilled absent a formally correct statement by a governing body. Thus, it has been held that a resolution need not contain the statement "Be it resolved," nor need it even be in writing. Generally, where the statute requires a resolution, any official action, though not in form a resolution, may be one in legal effect. Thus, although the motion made by the board lacked the formal attributes of a resolution, the deficiency of form is not fatal.

(Footnotes omitted.)

The failure of the city council to adopt a resolution as the statute provides, must be evaluated in terms of its injurious or prejudicial effect upon respondents.

> Nonobservance of mere directory provisions, slight irregularities, immaterial variances, and minor departures from the letter of the requirement which are not fundamental to the initiation and progress of the improvement, or the levying, confirmation and validity of the assessment, and which are not injurious or prejudicial to the landowners who are called upon to pay, will be disregarded, where there is substantial compliance with requirements.

14 E. McQuillin, *Law of Municipal Corporations*, § 38.175 (3d ed. 1987) (footnotes omitted).

> Among the many nonessential irregularities which the courts generally agree should not be considered, in adjudicating the merits of special assessment and taxation cases, are: minor irregularities in the signing of the petition for the improvement; or in the wording of the preliminary resolution or ordinance of intention, or necessity, or in the enactment of the ordinance or resolution authorizing and providing for the improvement * * *.

*Id.*, at § 38.175.10 (footnotes omitted).

In this case, the respondents were neither injured nor prejudiced by the city council's action in approving the order for special improvement upon motion rather than by resolution. The failure of the city council to strictly comply with the "directory provisions" of section 429.031, subd. 3 did not invalidate subsequent proceedings where the property owners were aware of the effect of the city council's actions, and did not object until after the improvement was constructed.

The city substantially complied with the requirements of Minn.Stat. § 429.031, subd. 3, and any irregularities were minor and not prejudicial to the property owners. We therefore hold that the city's order for a special improvement to extend the sanitary sewer to respondents' property was valid, and that the subsequent proceedings, including special assessment proceedings, were also valid.

## II.

5. The trial court held that the special assessment against respondents' property was barred by the failure of the city to comply with the requirements of Minn.Stat. § 429.031, *subd. 1*. The court did not make any finding as to the validity of the assessment procedure assuming that the city established substantial compliance with section 429.031, *subd. 3*. Because we find that the underlying special improvement order was valid, we must remand this case to the trial court to address the issue of whether the amount of the special assessment was properly determined.

In regard to this issue, we note that the "cost of any improvement * * * may be assessed upon property benefited by the improvement, *based upon the benefits received* * * *." Minn.Stat. § 429.051 (1988). This provision has been interpreted to mean:

A municipality cannot levy a special assessment that exceeds the special benefit which the property derives from the improvement. In determining the value of special benefit, the City must consider what increase there has been in the market value of the land from the improvement.

*Neighborhood Preservation Association of Detroit Lakes v. City of Detroit Lakes,* 354 N.W.2d 74, 76 (Minn.Ct.App.1984); *see also Joint Independent School District No. 287 v. City of Brooklyn Park,* 256 N.W.2d 512, 516 (Minn.1977) (difference in market value should be calculated by determining "what a willing buyer would pay a willing seller for the property before, and then after, the improvement has been constructed.") (quoting *Carlson–Lang Realty Co. v. City of Windom,* 307 Minn. 368, 369, 240 N.W.2d 517, 519 (1976)).

The record indicates that the special assessment of $13,936.02 against respondents' property was based on the actual cost of the project and the city engineer's statement that respondents' property was the only property that benefited from the project. On this basis, the city council assessed the entire cost of the project to respondents' property. This was not correct. The statute and the cases cited above require appraisal of the market value of the property before and after the improvement, with the amount of the special assessment limited to *the increase in market value resulting from the improvement.* The entire cost of the project may be assessed against respondents' property only if this increase in market value was equal to or greater than the cost of the project. If the increase in market value was less than the cost of the project, the special assessment must be charged accordingly.

Upon remand, the trial court may set aside the previous assessment if it determines that the amount of the assessment exceeded the benefit to respondents' property under the increase in market value test. If the assessment is set aside, the city council may, upon notice and hearing as provided for the original assessment, make a reassessment or a new assessment. Minn.Stat. § 429.071, subd. 2 (1988).

## DECISION

We reverse the trial court's grant of summary judgment in favor of respondents, and remand for further proceedings consistent with this opinion.

Reversed and remanded.