Nicholas Lester OTTO, Respondent,

v.

The CITY OF ST. PAUL, Defendant and Third-Party Plaintiff, Appellant,

v.

Timothy FUGINA, et al., Third-Party Defendants, Respondents.

No. C9-90-712.

Court of Appeals of Minnesota.

Sept. 18, 1990.

James P. Carey, Sieben, Gross, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for Nicholas Lester Otto.

James A. Schaps, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for Timothy Fugina, et al.

Considered and decided by NORTON, P.J., and GARDEBRING and SCHULTZ *, JJ.

## OPINION

NORTON, Judge.

Plaintiff, Nicholas Otto, was injured by the collapse of a section of Sergeant Avenue in St. Paul. Appellant, City of St. Paul, determined the collapse was caused by a cavity under the street caused by a leaking sewer drain serving respondents', Timothy and Linda Fugina's, residence. The city challenges the trial court's grant of a final partial summary judgment dismissing the city's claim for contribution against respondent. We affirm.

## FACTS

On July 11, 1988, Nicholas Otto was operating a front end loader on Sergeant Avenue in St. Paul. Suddenly and without warning, the street beneath Otto gave way. Otto sustained permanent injuries to his neck and back, continuing medical expenses, and loss of wages and earning ability. He subsequently brought suit against the city.

On July 12 and 22, 1988, city employees inspected the 12–inch sewer main which runs parallel with and below the center of Sergeant Avenue. The city concluded the cave-in was caused by a defect in the private house drain of Timothy and Linda Fugina. Excavation revealed a leak in the private house drain about 7 feet upstream from its connection with the main. Apparently, leaking water washed away the soil creating the cavity under the street. Although the defect was in the Fuginas' private house drain, all damage was located under the paved portion of the street.

Jane A. McPeak, City Atty., Frank E. Villaume III, Asst. City Atty., St. Paul, for appellant.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

The city served and filed a third-party complaint against the Fuginas for indemnity and/or contribution. The city alleges the Fuginas' failure to maintain the private house drain was the cause of plaintiff's injuries. Respondents brought a motion for summary judgment which the trial court granted, determining that they had no actual or constructive notice of any defect in the sewer system and were therefore not negligent.

## ISSUE

Did the trial court err in granting summary judgment on the ground that respondents were not negligent as a matter of law because they had no actual or constructive notice of the defect in their sewer line?

## ANALYSIS

■ Issues of negligence are generally questions of fact not appropriate for summary judgment. *Sauter v. Sauter,* 244 Minn. 482, 486, 70 N.W.2d 351, 354 (1955) (citations omitted). However, "where material facts are undisputed and as a matter of law compel only one conclusion," summary judgment may be appropriate. *Id.* When reviewing summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. On matters of law, "no deference need be given to the decisions below." *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989) (citation omitted).

■ Appellant begins by setting forth the "general rule" that a homeowner is responsible for maintaining the private sewer line that serves his property. As support for this proposition, appellant cites *Graffunder v. City of Mahtomedi,* 376

N.W.2d 282 (Minn.App.1985). *Graffunder* may be reasonably read as implying the existence of a homeowner's duty to maintain and repair his or her private sewer drain. This interpretation comports with the duty of landowners recognized in Minnesota.

> [A] possessor of land has a duty to exercise reasonable care in carrying on his activities on the land and to so maintain the premises that their physical condition does not expose the visitor to an unreasonable risk of harm.

*Pietila v. Congdon,* 362 N.W.2d 328, 332–33 (Minn.1985).[1]

Respondents point to certain sections of the St. Paul ordinances, claiming that they show the city has assumed the duty for repair and maintenance of private house drains under the city streets. In answer to this contention, appellant points to other sections of the St. Paul city ordinances which support its claim that the duty for maintenance and repair rests with the homeowner. The ordinances are inconclusive concerning the propositions for which they are cited. In addition, they are less than persuasive in terms of establishing where a common law duty rests.

■ Respondents bear the affirmative duty to exercise reasonable care in the maintenance of the private sewer line that serves their property. However, the nature and character of reasonable care depends upon the circumstances of the individual case. *Peterson v. Balach,* 294 Minn. 161, 174, 199 N.W.2d 639, 648 (1972); *Benson v. Hoenig,* 228 Minn. 412, 419, 37 N.W.2d 422, 426 (1949). The question becomes what was the character and extent of the respondents' duty under these circumstances.

Although this state has abolished the distinction between invitees and licensees,

---

1. As the city points out, the abutting property owner owns to the middle of the platted street and all the soil and appurtenances within the limits of the street belong to the owner in fee, subject only to the public easement. *Kochevar v. City of Gilbert,* 273 Minn. 274, 276, 141 N.W.2d 24, 26 (1966). Otto was operating his end loader on a street right-of-way granted to the city under the public easement. This may call into question Otto's status as an entrant onto the land. We do not consider the status of Otto here to be "consist[ant] with the policy set forth in *Peterson v. Balach,* [294 Minn. 161, 199 N.W.2d 639 (1972)] of eliminating classifications of land entrants." *Armstrong v. Mailand,* 284 N.W.2d 343, 350 (Minn.1979). Suffice it to say that Otto was operating his end loader over an appurtenance in the ownership of the Fuginas.

we note that both sections 342 and 343 of the Restatement (Second) of Torts (1965) require the owner and occupier of land to have either actual or constructive knowledge of the dangerous condition before liability will be imposed.

An essential element of negligence is the actor's knowledge, actual or imputed, of the facts out of which the alleged duty arises. Negligence involves the idea of fault, and because that is true, an act or omission is not negligent unless the actor had *knowledge or notice* [emphasis added] that it involves danger to another. * * * It follows, therefore, that the circumstances of which the actor has knowledge or notice are determinative of whether he was negligent.

" * * * the rule [that negligence consists of failure to exercise the same degree of care as a person of ordinary prudence would exercise under similar circumstances] would be shorn of all its fairness. *Men cannot be expected to govern their actions by what to them lies in the realm of the unknown* [emphasis in original]."

*Rue v. Wendland,* 226 Minn. 449, 452–53, 33 N.W.2d 593, 595–96 (1948) (citations omitted). In the exercise of reasonable care, did the respondents (1) know or (2) *should they have known* of the defect in their sewer.

■ The record before the trial court reveals that respondents, on a number of occasions, summoned a drain service to their home to unclog their kitchen sink. Appellant argued at trial that these circumstances were sufficient to place respondents on notice that the sewer was defective. Without more, the need to summon a drain service does not place a homeowner on notice that their private sewer drain is defective seven feet from the main sewer line. *See Graffunder,* 376 N.W.2d at 284 (a number of calls made to a drain service was not substantial evidence to support the trial court's finding of negligence). Timothy Fugina also testified that he noticed a depression in the street in front of his home. Appellant argued at trial that this would place respondents on notice that their private sewer drain was defective.

We believe that the mere presence of a depression in the street, indistinguishable from untold numbers of similar depression in St. Paul streets, would not place a homeowner on notice that a sewer problem existed. Based on these circumstances, we conclude respondents had no actual knowledge that their sewer line was defective.

■ The remaining question is whether respondents should have known of the defect in their sewer. It is clear that a landowner has a duty to inspect his or her property. *See Peterson,* 294 Minn. at 174, 199 N.W.2d at 647. "The occupant's duty will be modified according to the expected use to which the land will be put." *Id.* Under the circumstances of this case, we hold that respondents do not have a duty to inspect their private sewer line resting 11 feet underground under the concrete or asphalt surface of a paved roadway. We thus decline to extend the burden of constructive notice to a homeowner under these circumstances. Respondents "cannot be expected to govern their actions by what to them lies in the realm of the unknown." While a homeowner may have a responsibility, established by ordinance, to repair and maintain a private house drain resting under a city street, there is a common law duty to maintain and repair a private house drain only in circumstances in which a homeowner has actual knowledge of a defect.

■ In determining negligence of a landowner, five factors are considered: 1) the circumstances under which the person enters the premises; 2) the foreseeability or possibility of harm; 3) the duty to inspect, repair or warn; 4) the reasonableness of inspection or repair; and 5) the opportunity and ease of repair or correction. *Peterson,* 294 Minn. at 174 n. 7, 199 N.W.2d at 648 n. 7. Respondents are not liable as based on these factors.

### DECISION

The trial court is affirmed.

Affirmed.